UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSA MARIA CABRERA THOMPSON,<br><br>Plaintiff,<br>v.<br><br>SEATTLE PUBLIC SCHOOLS, a public school district in the State of Washington,<br><br>Defendant. | CASE NO. 2:25-cv-00468-TL<br><br>ORDER ON EMERGENCY MOTION |

This matter is before the Court on Plaintiff's Emergency Motion. On June 21, 2025, Plaintiff Rosa Maria Cabrera Thompson filed a "Combined Emergency Motion to: (1) Compel Production of Withheld Communications; (2) Impose Adverse Inference for Spoliation; and (3) Disqualify Counsel for Conflict of Interest." Dkt. No. 68. Plaintiff also filed a declaration, with nine exhibits attached, in support of the motion. Dkt. Nos. 69, 69-1–69-9. The next day, June 22, 2025, Plaintiff filed two "Supplemental Briefs," which appear to be carbon copies of one another. Dkt. Nos. 70, 71. For reasons discussed herein, Plaintiff's motion, declaration, and supplemental briefs are STRICKEN.

I. DISCUSSION

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016); *see United States v. W.R. Grace*, 525 F.3d 499, 509 (9th Cir. 2008) ("There is a well established principle that district courts have inherent power to control their dockets." (cleaned up)). Included within this authority is the power to strike items from the docket. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010); *Sharkey v. Nevada*, No. C18-25, 2020 WL 2559920, at *1 (D. Nev. May 20, 2020).

**A.     Plaintiff's Motion**

In the Western District of Washington, "Same Day Motions" are governed by Local Civil Rule 7(d)(1). Such motions include:

- Stipulated, joint or unopposed motions;

- Motions to file over-length motions or briefs;

- Motions for reconsideration;

- Joint submissions pursuant to the optional procedure established in LCR 37(a)(2);

- Motions to appoint a mediator;

- Motions for default;

- Requests to the clerk to enter default judgment;

- Ex parte motions;

- Motions for the court to enter default judgment where the opposing party has not appeared;

- Motions to recuse; and

- Motions for a temporary restraining order.

1  LCR 7(d)(1). Plaintiff's motion is none of these. Under the Local Civil Rules, then, Plaintiff's

2  motion is properly considered a 21-Day motion. *See* LCR 7(d)(3). Moreover, beyond Plaintiff's

3  desire for "urgent relief," there is nothing in Plaintiff's motion that tends to indicate the existence

4  of an emergency, or anything that requires immediate judicial intervention.

5        Plaintiff's first two bases for requesting relief appear to be discovery disputes which fall

6  under the umbrella of Federal Rule of Civil Procedure 37. In the first, Plaintiff seeks the Court's

7  intervention to compel Defendant Seattle Public Schools and non-party Mukilteo School District

8  to produce certain documents and records "within 7 days." Dkt. No. 68 at 8. The Court's

9  authority to compel production derives from Rule 37(a), but this Rule "contains no component

10 for 'emergency relief.'" *Am. Nat'l Prop. & Cas. Co. v. A+ Constr., Inc.*, No. C12-255, 2012 WL

11 6097081, at *1 (D. Nev. Dec. 7, 2012). In the second, Plaintiff alleges "textbook spoliation" and

12 seeks "an adverse inference instructions [*sic*]" under Rule 37(e). Dkt. No. 68 at 7, 8. But like

13 Rule 37(a), Rule 37(e) does not contemplate emergency relief. More importantly, however,

14 Plaintiff's "textbook spoliation" is not spoliation at all. "Spoliation is the destruction or

15 significant alteration of evidence, or the failure to preserve property for another's use as evidence

16 in pending or reasonably foreseeable litigation." *Zubulake v. UBS Warburg LLC*, 220 F.R.D.

17 212, 216 (S.D.N.Y. 2003). Plaintiff alleges that Defendant SPS has failed to produce certain

18 evidence, but she has not indicated (or even alleged) that such evidence has been destroyed,

19 significantly altered, or not preserved. *See* Dkt. No. 68 at 6–7. As to an adverse instruction, this

20 case is young, and a trial date has not been set. A proposed jury instruction is not an urgent

21 matter and, indeed, spoliation is an issue that frequently requires discovery . *See In re Hitachi*

22 *Television Optical Block Cases*, No. C08-1746, 2011 WL 3563781, at *5 (S.D. Cal. Aug. 12,

23 2011) (reciting elements of spoliation); *see also United States v. Kitsap Physicians Serv.*, 314

24

ORDER ON EMERGENCY MOTION - 3

F.3d 995, 1001–02 (9th Cir. 2002) (discussing and applying fact-specific examination to determine whether defendants "engaged in spoliation of documents as a matter of law").

Plaintiff's third basis for requesting relief concerns an "unwaivable conflict of interest requiring disqualification." Dkt. No. 68 at 3. Plaintiff seeks to disqualify from this case Shannon Ragonesi, one of Defendant's attorneys, as well as Keating, Bucklin & McCormack, Ragonesi's firm. *Id.* at 8. "In determining whether a violation of [Rule of Professional Conduct] 1.9 requires disqualification, the burden of proof rests upon the firm whose disqualification is sought.'" *FMC Techs., Inc. v. Edwards*, 420 F. Supp. 2d 1153, 1158 (W.D. Wash. 2006) (quoting *Amgen, Inc. v. Elanex Pharms., Inc.*, 160 F.R.D. 134, 139–40 (W.D. Wash. 1994)). The implication here is that disqualification of counsel is an issue that should be fully briefed and carefully considered. It is not something to be adjudicated breathlessly, because the party seeking disqualification desires an immediate decision.

Therefore, Plaintiff's emergency motion (Dkt. No. 68) and declaration, including attachments, (Dkt. Nos. 69, 69-1–69-9), are STRICKEN. Plaintiff may re-file her motion and declaration in accordance with Local Civil Rule 7(d)(3).

**B.   Plaintiff's Supplemental Briefing**

As the Court has twice previously advised, Plaintiff "should not file any documents on the docket unless they are pleadings or motions." Dkt. No. 20 at 2; Dkt. No. 41 at 5. Plaintiff's "Supplemental Brief" (and its duplicate) are neither. *See* Dkt. Nos. 70, 71. Local Civil Rule 7(b) governs the briefing procedure for motions filed in this Court and, simply put, the Rule does not allow for "supplemental briefing" as a matter of course. Nor has the Court requested that any Party submit supplemental briefing on any issue. Further, while the Court recognizes that mistakes happen, Plaintiff has filed 10 praecipes on the docket for various reasons, as well as the duplicate brief at Docket No. 71. *See* Dkt. Nos. 4, 5, 50, 51, 61, 62, 63, 64, 65, 67. Plaintiff has

ORDER ON EMERGENCY MOTION - 4

also filed two errata which, but for one word on their respective first pages, are duplicates of one another.[1] Dkt. Nos. 73, 74. Perhaps most frustratingly, the erratum (and its twin) were submitted "to correct the record in connection with [another] errata." Dkt. No. 73 at 1; Dkt. No. 74 at 1. Put another way, 18 percent of this case's 74-item docket, or nearly one out of every five entries, concerns Plaintiff's filing errors. "Parties are expected to file accurate, complete documents, and the failure to do so may result in the court's refusal to consider later filed corrections or additions to the record." LCR 7(m).

Therefore, Plaintiff's supplemental brief and its duplicate (Dkt. Nos. 70, 71) are STRICKEN.

## II.    CAUTION TO PLAINTIFF

While Plaintiff is proceeding *pro se*, "it is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). And as a credentialed attorney (*see* Dkt. No. 69-5 at 1), Plaintiff's "ability level" is undoubtedly greater than that of a typical lay litigant. The Court expects Plaintiff to prosecute her case in accordance with the Federal Rules of Civil Procedure, the Local Civil Rules of this District, and this Court's Standing Order for All Civil Cases.

The Court further cautions Plaintiff that before she files any future motion or briefing, she shall make sure that all the arguments and supporting material she wishes to raise are included in a *single* filing at the time she files the document. Plaintiff shall not file a motion prematurely, without all the necessary support included with the original motion. As Local Civil Rule 7(b) requires:

> The argument in support of the motion shall not be made in a separate document but shall be submitted as part of the motion

---

[1] Plaintiff subsequently re-filed Docket No. 73 and advised the Court to "disregard [Docket No. 73] as erroneous." Thus, Docket No. 73, an erratum issued "in connection with" another erratum, is itself erroneous.

itself. If the motion requires consideration of facts not appearing of record, the movant shall also serve and file copies of all affidavits, declarations, photographic or other evidence presented in support of the motion.

Any materials or argument that, as deemed by the Court, should have been included with the original briefing, will not be considered. *See Lysyy v. Deutsche Bank Nat'l Tr. Co.*, No. C24-62, 2024 WL 1434475, at *1 n.2 (W.D. Wash. Apr. 3, 2024) (refusing to consider defendants' improper "additional briefing" in deciding motion).

### III.    CONCLUSION

Accordingly, Plaintiff's Emergency Motion (Dkt. No. 68), Declaration and attached documents (Dkt. Nos. 69, 69-1–69-9), and Supplemental Briefs (Dkt. Nos. 70, 71) are STRICKEN. Should Plaintiff wish to pursue the relief requested in her "emergency" motion, she may file a motion under Local Civil Rule 7 and note it accordingly.

Dated this 23rd day of June 2025.

Tana Lin
United States District Judge