UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSA MARIA CABRERA THOMPSON,<br><br>Plaintiff,<br>v.<br><br>SEATTLE PUBLIC SCHOOLS, a public school district in the State of Washington,<br><br>Defendant. | CASE NO. 2:25-cv-00468-TL<br><br>ORDER ON MOTION FOR RECONSIDERATION |

This matter is before the Court on Plaintiff's motion for reconsideration (Dkt. No. 102) of the Court's August 8, 2025, Order (Dkt. No. 97), which denied Plaintiff's motion to disqualify Defendant's counsel (Dkt. No. 76). Having reviewed Plaintiff's motion and the relevant record, Plaintiff's motion for reconsideration is DENIED.

I.     BACKGROUND

The Court assumes familiarity with Plaintiff's Amended Complaint (Dkt. No. 21) and will not recite its factual allegations herein. *See* Dkt. No. 84 (Order) at 2–4 ("Factual Background"). Relevant to the instant motion, on June 26, 2025, Plaintiff moved to disqualify

Defendant's counsel from representing Defendant in this case. Dkt. No. 76. On July 11, 2025, Defendant responded (Dkt. No. 85), and on July 15, 2025, Plaintiff filed a reply (Dkt. No. 88). On August 8, 2025, the Court denied Plaintiff's motion. Dkt. No. 97. On August 20, 2025, Plaintiff timely moved for reconsideration. Dkt. No. 102.

## II. LEGAL STANDARD

"Motions for reconsideration are disfavored." LCR 7(h)(1). Such motions are ordinarily denied absent "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." *Id.* Absent such a showing, motions for reconsideration should be granted only in "highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also Inventist, Inc. v. Ninebot Inc.*, 664 F. Supp. 3d 1211, 1215 (W.D. Wash. 2023) (noting that reconsideration is an "extraordinary remedy" and that the moving party bears a "heavy burden" (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000))). "A motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals*, 571 F.3d at 880 (quoting *Kona Enters.*, 229 F.3d at 890). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883).

## III. DISCUSSION

In considering Plaintiff's renewed pursuit of the disqualification of Defendant's counsel, the Court "is particularly concerned that the motion to disqualify not be used as a strategic litigation tactic. . . . [M]otions to disqualify should be viewed 'with extreme caution for they can

ORDER ON MOTION FOR RECONSIDERATION – 2

be misused as a technique of harassment.'" *United States ex rel. Lord Elec. Co. v. Titan Pac. Constr. Corp.*, 637 F. Supp. 1556, 1562 (W.D. Wash. 1986) (quoting *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir. 1982)). "Given their 'potential for abuse,' disqualification motions should be subjected to 'particularly strict judicial scrutiny.'" *Leishman v. Washington Att'y Gen.'s Off.*, No. C20-861, 2021 WL 3848624, at *1 (W.D. Wash. Aug. 27, 2021) (quoting *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d 1045, 1050 (9th Cir. 1985)).

As discussed in the Court's denial of Plaintiff's motion to disqualify (and as recapitulated in this Order), the Court rejected the two bases on which Plaintiff sought counsel's disqualification, Washington Rules of Professional Conduct ("RPC")[1] 1.9 and 3.7, on elementary procedural grounds—standing and timeliness, respectively. The Court notes that while Plaintiff may be proceeding pro se, Plaintiff is a trained attorney. *See* Dkt. No. 21-8 (Plaintiff's curriculum vitae) at 3. With only minimal research, she should have easily ascertained the deficiencies in her disqualification argument, held her fire, and avoided the needless expenditure of Defendant's and the Court's resources on an unmeritorious motion. The Court therefore cautions Plaintiff that, as she is presently waging it, her ongoing campaign against Defendant's counsel could be seen as "a technique of harassment." *Titan Pac.*, 637 F. Supp. at 1562. Plaintiff is reminded that, when presenting a legal argument to the Court, she certifies that she has done so for a proper purpose, and that she has performed "an inquiry reasonable under the circumstances" as to the validity of her position. *See* Fed. R. Civ. P. 11(b).

Turning now to the instant motion, Plaintiff has presented various grounds for reconsideration. The Court considers them in turn.

---

[1] Local Civil Rule 83.3(a)(2) requires that attorneys appearing in this Court comply with the "Washington Rules of Professional Conduct . . . , as promulgated, amended, and interpreted by the Washington State Supreme Court."

### A.     RPC 1.7 and 1.10

Plaintiff argues that the Court erred by not considering RPC 1.7 and 1.10 in its Order. *See* Dkt. No. 102 at 6–7. "A motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880 (quoting *Kona Enters.*, 229 F.3d at 890). In originally moving to disqualify Defendant's counsel, Plaintiff asserted that disqualification was warranted "pursuant to RPC 3.7, RPC 1.9(a), and binding Ninth Circuit precedent." Dkt. No. 76 at 1. Plaintiff did not assert, as she now does in her motion for reconsideration, that "RPC 1.7/1.10" also provided bases for disqualification. Dkt. No. 102 at 3. When the Court considered Plaintiff's motion to disqualify Defendant's counsel, the Court did so through the lenses of RPC 1.9(a) (*see* Dkt. No. 97 at 5–7) and RPC 3.7(a) (*see* Dkt. No. 97 at 7). The Court also discussed Ninth Circuit precedent, as established in *Trone v. Smith*, 621 F.2d 994 (9th Cir. 1980), as it pertained to the issues that Plaintiff had raised. *See* Dkt. No. 97 at 6. The Court will not now consider new arguments, based on other provisions of the Rules of Professional Conduct, that Plaintiff improperly raises for the first time in a motion for reconsideration.

### B.     RPC 3.7

Plaintiff argues that "the Court's prior focus on RPC 3.7 'trial-only' timing" was erroneous. Dkt. No. 102 at 3. She asserts that "RPC 3.7 advocate-witness concerns require at least prophylactic pre-trial relief." *Id.* at 8. Plaintiff argues, "While RPC 3.7 focuses on trial advocacy, courts routinely impose pre-trial remedies to prevent prejudice pending trial, especially where counsel's testimony and conduct are intertwined with the merits and discovery." *Id.* Plaintiff cites no authority for this assertion, however, and she does not competently demonstrate the implication of her argument—namely, that this Court, as well as other courts in this District, have been serially misconstruing RPC 3.7(a) as "only prohibiting

ORDER ON MOTION FOR RECONSIDERATION – 4

attorneys from acting as an advocate *at trial*." Dkt. No. 97 at 7 (quoting *Microsoft Corp. v. Immersion Corp.*, No. C07-936, 2008 WL 682246, at *3 (W.D. Wash. Mar. 7, 2008)); *see also Leishman*, 2021 WL 3848624, at *3; *U.S. Fire Ins. Co. v. Icicle Seafoods, Inc.*, 523 F. Supp. 3d 1262, 1267 (W.D. Wash. 2021); *Am. Safety Cas. Ins. Co. v. Happy Acres Enters. Co.*, No. C16-44, 2018 WL 279616, at *3 (W.D. Wash. Jan. 20, 2017). Plaintiff's unsupported assertions do not demonstrate any manifest error with respect to the Court's prior analysis of RPC 3.7.

**C.     "New" Evidence**

In support of her motion for reconsideration, Plaintiff has provided 66 pages of evidence she contends "squarely contradicts the factual premises of the Court's prior denial and the declarations submitted by Attorney Shannon Ragonesi and her firm . . . ." Dkt. No. 102 at 1. There are two problems with Plaintiff's position. First, Plaintiff does not explain why she did not include this evidence with her original motion, especially as many records appear to be materials that predate her motion and were in Plaintiff's possession, and would have thus been available at the time the original motion was filed. *See, e.g.*, Dkt. No. 103-15 (Cabrera–Cerqui emails) at 2–3. Indeed, Plaintiff provided the Court with some of this purportedly "new" evidence months ago. *Compare* Dkt. No. 103-8 (phone log) at 3, *with* Dkt. No. 21-3 (phone log) at 1; *compare* Dkt. No. 103-22 (EEOC settlement) at 5–9, *with* Dkt. No. 89-7 (EEOC settlement) at 2–6. These are not new facts which could not have been brought to the Court's attention earlier with reasonable diligence. LCR 7(h)(1).[2] And as to that evidence that does not pre-date Plaintiff's original motion—metadata from emails dated July 10, 2025 (Dkt. 103-16 at 3)—these records,

---

[2] Moreover, Plaintiff's assertion that documents that she has already placed on the record are in fact "[n]ew evidence . . . unavailable despite diligence" is demonstrably false. Plaintiff is "reminded of [her] duty of candor toward this Court." *Wood v. Bennett*, No. C23-877, 2024 WL 1255999, at *3 n.1 (W.D. Wash. Mar. 25, 2024).

ORDER ON MOTION FOR RECONSIDERATION – 5

1  which are presented without context and which consist largely of technical data that have been
2  annotated with handwritten terms, are not adequately explained (or deciphered) to be of value to
3  the Court here.
4      Second, this evidence is irrelevant here. As explained above, the Court ruled on
5  Plaintiff's motion upon consideration of the bases for disqualification that she presented in her
6  motion—that is, RPC 1.9 and 3.7. In finding disqualification inappropriate under RPC 1.9, the
7  Court explained that Plaintiff, as neither a former nor current client of Defendant's counsel, did
8  not have standing to assert RPC 1.9 against Defendant's counsel. *See* Dkt. No. 97 at 6. No
9  amount of documentary evidence could alter Plaintiff's relationship—or, in this case, non-
10 relationship—with counsel. In finding disqualification inappropriate under RPC 3.7, the Court
11 explained that Plaintiff's motion was premature, as RPC 3.7 only applied at trial. *See id.* at 7. No
12 amount of documentary evidence could manifest a trial at this time and render ripe her RPC 3.7–
13 based argument. Put another way, none of the documentary evidence marshalled by Plaintiff
14 demonstrates that the Court decided Plaintiff's motion to disqualify incorrectly.

15 **D.    Other Requested Relief**

16      Plaintiff's motion for reconsideration also addresses several issues that the Court did not
17 discuss in its Order. Plaintiff requests that the Court: (1) order *in camera* review of certain
18 records; (2) enter a protective order as to certain evidence; (3) authorize a deposition of
19 Defendant's counsel; and (4) take judicial notice of certain docket entries in Plaintiff's other case
20 in this District, *Thompson v. Mukilteo School District No. 6*, No. C25-529. *See* Dkt. No. 102 at
21 10–11. In the alternative, Plaintiff requests that the Court certify to the Ninth Circuit the three
22 primary issues on which she moves this Court for reconsideration. *See id.* at 11. Because the
23 Court did not address these issues in the Order on which Plaintiff now seeks reconsideration, the
24 Court declines to grant any of these requests.

ORDER ON MOTION FOR RECONSIDERATION – 6

In ruling on Plaintiff's motion to disqualify counsel, the Court pointed out that, "[i]n clarifying what is actually at stake in the instant motion, Defendant asserts, 'The only remaining relief requested that needs to be addressed by the Court is Plaintiff's request to disqualify Counsel Ragonesi from representing SPS and deem attorney client privilege destroyed under FRE 502(d).'" Dkt. No. 97 at 3 (quoting Dkt. No. 85 at 4). The Court noted further that "Plaintiff does not dispute this in her reply." *Id.* Accordingly, the Court "treat[ed] Plaintiff's silence as conceding this point." *Id.* That is, in not refuting Defendant's framing of the issues at stake in her motion, Plaintiff agreed to Defendant's characterization of the scope of the motion. *See Rintoul v. Old Dominion Freight Line, Inc.*, No. C21-1733, 2024 WL 2974469, at *2 (D. Or. June 13, 2024) ("Generally, the failure to respond to an argument on its merits is grounds for deeming that argument abandoned or conceded." (citing *Ramirez v. Ghilotti Bros.*, 941 F. Supp. 2d 1197, 1210 & n.7 (N.D. Cal. 2013) (collecting cases)).

Moreover, the Court noted that Plaintiff, in her reply brief, "present[ed] to the Court . . . a new slate of requests that, with the exception of her continued request for Counsel Ragonesi's disqualification, she did not make in her original motion." Dkt. No. 97 at 3. Because it is inappropriate to raise new issues in a reply brief, the Court declined to consider the newly requested relief. *See id.* (citing *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003)). The Court also properly found that Plaintiff had abandoned her request "to have attorney-client privilege destroyed under Federal Rule of Evidence 502(d)." *Id.* In sum, after reviewing Plaintiff's and Defendant's respective briefing, the Court defined the scope of Plaintiff's motion as including only "the issue of whether Counsel Ragonesi should be disqualified from representing Defendant." *Id.* That is the issue that the Court's Order considered, and that is the only issue that is a proper subject of Plaintiff's motion for reconsideration. *See, e.g., In re Kelley*, No. C12-6007, 2013 WL 12185832, at *1 (W.D. Wash.

Nov. 27, 2013) (noting that a party "is prohibited from raising new issues of law on a motion for reconsideration"); *Lawson v. Ocwen Loan Servicing, LLC*, No. C10-5481, 2011 WL 4343977, at *1 (W.D. Wash. Sept. 14, 2011) (declining to "address new issues on a motion for reconsideration").

As to Plaintiff's request that this Court, *sua sponte*, certify her questions to the Ninth Circuit for an interlocutory appeal, Plaintiff has made only a cursory, unsubstantiated request that the Court do so. *See* Dkt. No. 102 at 11. Plaintiff does not even attempt to demonstrate how the Court's prior order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Interlocutory "appeal is granted only in 'extraordinary circumstances,'" and the "district judge has discretion to certify a question or not, based on [her] opinion as to whether the statutory requirements are met." *Falco v. Nissan N. Am. Inc.*, 108 F. Supp. 3d 889, 892 (C.D. Cal. 2015) (quoting *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981)). Here, the requirements are not met, and the Court denies Plaintiff's request for certification of an interlocutory appeal to the Ninth Circuit.

### IV.  CONCLUSION

Accordingly, Plaintiff's motion for reconsideration (Dkt. No. 102) is DENIED.

Dated this 16th day of September, 2025.

Tana Lin
United States District Judge