UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSA MARIA CABRERA THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>SEATTLE PUBLIC SCHOOLS, a public school district in the State of Washington,<br><br>Defendant. | CASE NO. 2:25-cv-00468-TL<br><br>ORDER ON EMERGENCY MOTION TO STRIKE AND SEAL |

This matter is before the Court on non-party Mukilteo School District's ("MSD") Emergency Motion to Strike and Seal Inadvertently Produced and Privileged Documents. Dkt. No. 108. MSD seeks to strike or seal a number of purportedly privileged documents that it inadvertently produced to Plaintiff during discovery in *Thompson v. Mukilteo School District*, Case No. C25-529 (W.D. Wash.), a parallel case concerning similar subject matter that is proceeding before United States District Judge Jamal N. Whitehead. *See generally* Dkt. No. 108. Because Judge Whitehead is more familiar with this issue and has already ruled on it, the Court GRANTS MSD's motion, in accordance with Judge Whitehead's decision.

ORDER ON EMERGENCY MOTION TO STRIKE AND SEAL – 1

On September 8, 2025, Plaintiff filed a Motion to Hold Non-Party MSD's Motion to Strike/Seal in Abeyance. Dkt. No. 124. In this motion, Plaintiff requested that this Court delay ruling on the instant motion until Judge Whitehead ruled on "the identical motion and privilege dispute" at issue. *Id.* at 1. Judge Whitehead has done so, and the Court's decision here is, as Plaintiff sought, consistent with Judge Whitehead's order.

On September 12, 2025, in *Thompson v. Mukilteo School District*, Judge Whitehead ordered Plaintiff to:

> (a)     Immediately delete, destroy, and disregard all documents obtained through the August 11, 2025, ShareFile production link, regardless of which folder or subfolder within the link contained the documents;
>
> (b)     Strike or withdraw any documents obtained through the August 11, 2025, ShareFile production link from any filings in *Cabrera* [*sic*] *v. Seattle Public Schools*, No. 2:25-cv-468-TL, within SEVEN (7) days of this order, including by withdrawing and refiling any motion in that case, if necessary; and
>
> (c)     File a sworn declaration certifying compliance with subparts (a) and (b) above within SEVEN (7) days of this order.

Whitehead Order at 2, *Thompson v. Mukilteo Sch. Dist.*, No. C25-529 (W.D. Wash. Sept. 12, 2025), Dkt. No. 158. On September 19, 2025, Plaintiff filed a Declaration in that case that attested to her compliance with Paragraph (a). *See* Thompson Decl. ¶ 3, *Thompson v. Mukilteo Sch. Dist.* (Sept. 19, 2025), Dkt. No. 159. Also on September 19, 2025, Plaintiff filed in this Court a "Notice of Striking Exhibits from Docket 101 and 103."[1] Dkt. No. 130. Plaintiff advised that the "notice [was] filed to confirm compliance with [Judge Whitehead's] directive that Plaintiff strike such documents from the record." *Id.* at 2.

---

[1] The exhibits attached to both dockets appear to be identical. *Compare* Dkt. Nos. 101-1 through 101-22, *with* Dkt. Nos. 103-1 through 103-22.

There are, however, two issues with Plaintiff's Notice. First, it is the Court, not a Party, that strikes documents from the docket. Plaintiff's Notice asserted that *she* had stricken certain exhibits from the record. *See id.* at 1. Plaintiff, however, had not moved for the Court to actually and formally do so. Consequently, the offending documents were never removed from the record. Plaintiff has been advised that filing "notices" does not comport with Federal Rule of Civil Procedure 7, which provides that "[a] request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1); *see, e.g.*, Dkt. No. 20 (Order on Docket Filings) at 1–2; Dkt. No. 41 (Order on Motion for Default) at 5. When Plaintiff seeks Court action, as she did with respect to the striking of the docket entries, she must file a motion specifying what action she is requesting. *See* Fed. R. Civ. P. 7 (b)(1). Filing a motion alerts the Court that a Party has requested that it act upon a request. Filing a notice does not. Judge Whitehead's Order directed Plaintiff to "withdraw[] and refile[] any motion in [this] case." Whitehead Order at 2. Plaintiff's Notice effectuated neither. However, the Court will give Plaintiff some grace, as the Whitehead Order also instructed Plaintiff to "[s]trike or withdraw any documents." *Id.*

Second, even if Plaintiff were empowered to strike items from the docket, her Notice still would not have complied with Judge Whitehead's order. Plaintiff's docket entry for the Notice describes the document as "Plaintiff's Notice of Striking *Some* Exhibits From Docket 101 and 103." Dkt. No. 130 (emphasis added). The Notice stated that Plaintiff had "stricken" Exhibits 1, 2, 3, 5, 6, 7, 8, 10, 11, 12, 13, 16, 18, and 20. *Id.* at 1. However, even if Plaintiff had the authority to strike those exhibits from the docket (She does not), this would have left Exhibits 4, 9, 14, 15, 17, 19, 21 and 22 on the record, in violation Judge Whitehead's Order. Although Plaintiff may believe she has the means to obtain those documents independently of MSD's inadvertent production of them, she cannot take matters into her own hands. If she believed that preserving these documents on the record represented compliance with Judge Whitehead's order—which,

ORDER ON EMERGENCY MOTION TO STRIKE AND SEAL – 3

given the language of the order, it plainly did not—she should have either asked Judge Whitehead to reconsider his decision regarding those documents or sought another, legitimate way of obtaining them. In addition, Plaintiff's Notice was silent as to Docket No. 100-1, which appears to contain many of the documents that Judge Whitehead ordered removed from the docket. Plaintiff did not explain why the exhibits at Docket No. 100-1 do not fall within the purview of Judge Whitehead's Order, even though she had admitted that identical documents attached to Docket Nos. 101 and 103 do. Finally, it does not escape the Court's notice that the declaration Plaintiff filed in the parallel case in response to the Whitehead Order failed to affirm Plaintiff's compliance concerning striking or withdrawing "any documents obtained through the August 11, 2025 ShareFile production link from any filings [in this case]" as required. *See* Thompson Decl.; Whitehead Order at 2.

*        *        *

The substance of non-party MSD's motion here is Plaintiff's compliance with Paragraph (b) of Judge Whitehead's order. *See* Dkt. No. 108 at 8. To avoid inconsistent rulings between this case and its companion case, the Court ORDERS as follows, consistent with Paragraph (b) of the Whitehead Order:

(1)    Non-Party Mukilteo School District's Emergency Motion to Strike and Seal Inadvertently Produced and Privileged Documents (Dkt. No. 108) is GRANTED.

(2)    Docket Numbers 100, 101 and 103 are STRICKEN and SHALL BE SEALED.

(3)    Plaintiff SHALL refile her declaration at Docket No. 100 without any exhibits that are the subject of the Whitehead Order **within seven (7) days** of this Order.

(4)    Plaintiff's Motion to Hold Non-Party MSD's Motion to Strike/Seal in Abeyance (Dkt. No. 124) is DENIED AS MOOT.

ORDER ON EMERGENCY MOTION TO STRIKE AND SEAL – 4

(5)     The Clerk is DIRECTED to file a copy of this order in *Thompson v. Mukilteo School District*, Case No. C25-529 (W.D. Wash.).

Dated this 24th day of March, 2026

Tana Lin
United States District Judge