UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROSA MARIA CABRERA THOMPSON,

Plaintiff,

v.

SEATTLE PUBLIC SCHOOLS, a public school district in the State of Washington,

Defendant.

CASE NO. 2:25-cv-00468-TL

ORDER ON NON-PARTY MOTION TO QUASH AND MODIFY PLAINTIFF'S SUBPOENA

This matter is before the Court on non-Party Mukilteo School District's ("MSD") motion to quash. Dkt. No. 113. Having reviewed the motion, Plaintiff's response (Dkt. No. 121), MSD's reply (Dkt. No. 129), and the relevant record, the Court GRANTS IN PART and DENIES IN PART the motion.

I.    LEGAL STANDARD

"Pursuant to Rule 45(a)(1)(D), a party may serve a subpoena commanding a nonparty to produce materials." *Balfour Beatty Infrastructure, Inc. v. PB & A, Inc.*, 319 F.R.D. 277, 281 (N.D. Cal. 2017). But "[a] party or attorney who issues such a subpoena 'must take reasonable

ORDER ON NON-PARTY MOTION TO QUASH AND MODIFY PLAINTIFF'S SUBPOENA – 1

steps to avoid imposing undue burden or expense on a person subject to the subpoena.'" *HarVest Bank of Md. v. Countrywide Home Loans, Inc.*, No. C10-714, 2010 WL 11527320, at *1 (W.D. Wash. June 16, 2010). "If the person subject to the subpoena shows that the subpoena imposes an undue burden on him or her, the court must quash or modify the subpoena." *Id.* "An undue burden exists where the burden or expense of discovery 'outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.'" *Id.* (quoting Fed. R. Civ. P. 26(b)(2)); *see Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2006) (describing factors to be considered when determining whether a subpoena imposes an undue burden on a non-party). Further, the court "must quash or modify a subpoena that: fails to allow a reasonable time to comply; [or] . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(i), (iii).

## II.    DISCUSSION

At issue in this motion are three subpoenas duces tecum served on MSD employees: Brooke Trisler, Chief Technology Officer/Director of Technology (Dkt. No. 115-3 at 2–7); Patty Dowd, Assistant Superintendent (Dkt. No. 115-3); and Stephen Shurtleff, Principal of Kamiak High School (Dkt. No. 115-3).[1] MSD asserts generally that the subpoenas "should be quashed to the extent that they request privileged information, modified to allow production on October 1, 2025, and quashed to the extent that they request documents MSD would not have access to." Dkt. No. 113 at 1–2. The Court will consider each request in turn.

---

[1] The page numbers of the Dowd and Shurtleff subpoenas are illegible.

ORDER ON NON-PARTY MOTION TO QUASH AND MODIFY PLAINTIFF'S SUBPOENA – 2

## A.   Privileged Information

For each of the three subpoenas at issue, MSD lists the requests that it contends seek privileged information.

### 1.   Shurtleff Subpoena

**Request A1.** All communications (including emails, text messages, voicemails, call logs, handwritten notes, and internal messages) between you and Dr. Tarance Hart, Principal Garfield High School (Seattle Public Schools), regarding or referring to Dr. Rosa Maria Cabrera Thompson; Simone Neal, Executive Director of Human Resources, Mukilteo School District, regarding the same; [and] Any other MSD employee, administrator, or legal representative involving a reference request for Dr. Thompson made by Seattle Public Schools or its agents.

MSD asserts that "[t]his requests clearly privileged information." Dkt. No. 113 at 5. The Court agrees. All communications between Shurtleff and his "legal representative," or that involve his "legal representative," are protected by attorney–client privilege. Therefore, that portion of the request is QUASHED. To the extent that MSD believes any relevant document responsive to the remainder of Plaintiff's request contains any privileged information, it may follow the procedure for withholding described in Federal Rule of Civil Procedure 45(e)(2).

**Request A3.** A copy of your personal/private cell phone call logs from November 27, 2023 to December 7, 2023, limited to: Incoming and outgoing calls or texts with Dr. Tarance Hart; Incoming and outgoing calls or texts with Simone Neal or other MSD personnel; [and] Any voicemail timestamps, durations, or callback records related to the above.

MSD asserts that this request "[s]hould not include request for call logs that are clearly privileged, including to/from MSD legal representatives[.]" Dkt. No. 113 at 5.

Nothing in the language of this request appears to contemplate privileged material or material protected by the work-product doctrine. To the extent that MSD believes any relevant

document contains such information, it may follow the procedure for withholding described in Federal Rule of Civil Procedure 45(e)(2).

> **Request A5.** All communications between you and Simone Neal or other MSD personnel concerning: Whether or how to respond to Dr. Hart's inquiry; The Mukilteo School District's reference policy regarding Dr. Rosa Maria Cabrera Thompson.

MSD asserts that this request "[s]hould not include request for communications that are clearly privileged." Dkt. No. 113 at 5.

Nothing in the language of this request appears to contemplate privileged material or material protected by the work-product doctrine. To the extent that MSD believes any relevant document contains such information, it may follow the procedure for withholding described in Federal Rule of Civil Procedure 45(e)(2).

> **Request B4.** Phone call logs and metadata from both your Mukilteo School District-issued phone and any personal or private cell phone used for school business, showing: All calls and text messages to or from Dr. Hart and Simone Neal between November 27, 2023, and December 7, 2023; Date, time, duration, and phone numbers of the calls/texts; Any voicemails left, including their timestamps and durations.

MSD asserts that this request "[s]hould not include request for texts that may include work-product or attorney client privilege information[.]" Dkt. No. 113 at 5.

Nothing in the language of this request appears to contemplate privileged material or material protected by the work-product doctrine. To the extent that MSD believes any relevant document contains such information, it may follow the procedure for withholding described in Federal Rule of Civil Procedure 45(e)(2).

> **Request C5.** All daily to-do lists, task lists, logs, or handwritten/digital notes, including but not limited to the 'purple notes' you maintained during the specified date range, specifically: Any entry referencing Dr. Hart, Dr. Rosa Maria Cabrera Thompson, or reference-related activity on December 1, 2023, or

> nearby dates; Any task entry indicating you planned to return Dr. Hart's call or contacted Simone Neal regarding it.

MSD asserts that this request "[s]hould not include request for references on documents that may include work product or attorney-client information[.]" Dkt. No. 113 at 5.

Nothing in the language of this request appears to contemplate privileged material or material protected by the work-product doctrine. To the extent that MSD believes any relevant document contains such information, it may follow the procedure for withholding described in Federal Rule of Civil Procedure 45(e)(2).

> **Request D6.** Any guidance, directives, memoranda, or policy communications issued to you from Mukilteo School District HR, legal counsel, or executive leadership regarding: Neutral reference protocols or obligations tied to Dr. Rosa Maria Cabrera Thompson following her October 2023 EEOC settlement; Instructions related to handling reference inquiries from external districts about Dr. Cabrera Thompson. Any limitations, restrictions, or permissions regarding communication with prospective employers concerning Dr. Cabrera Thompson.

MSD asserts that this request "[s]hould not include request for communications that may include work-product or attorney-client information." Dkt. No. 113 at 5. "Guidance, directives, memoranda, or policy communications issued to [Shurtleff] from . . . legal counsel," or that include legal counsel, are protected by attorney–client privilege. Therefore, that portion of the request is QUASHED. To the extent that MSD believes any relevant document responsive to the remainder of Plaintiff's request contains any privileged information, it may follow the procedure for withholding described in Federal Rule of Civil Procedure 45(e)(2).

### 2.    Trisler Subpoena

> **Request B3.** All records, memos, or settings describing: Auto-deletion policies for voicemails or transcriptions; Retention schedules triggered by user activity or system rules; Ability to recover deleted messages; Preservation notices, legal holds, or administrative flags relating to: Rosa Maria Cabrera Thompson,

Simone Neal, Stephen Shurtleff, Maria Stevens, Shannon Ragonesi.

MSD asserts that "[t]his requests clearly privileged information due to the request for documentation including Shannon Ragonesi, attorney." Dkt. No. 113 at 5. The Court agrees, with the following reservation. As the Court explained in a prior order:

> "[L]itigation hold notices, 'if prepared by counsel and directed to the client, are protected by the attorney-client privilege.'" *Thomas v. Cricket Wireless, LLC*, No. C19-7270, 2020 WL 7344742, at *2 (N.D. Cal. Dec. 14, 2020) (quoting *Shenwick v. Twitter, Inc.*, No. C16-5314, 2018 WL 833085, at *4 (N.D. Cal. Feb. 7, 2018)). But issues of privilege vis-à-vis litigation hold notices are nuanced. "[T]he basic details surrounding the litigation hold are not" privileged. *Cohen v. Trump*, No. C13-2519, 2015 WL 3617124, at *7 (S.D. Cal. June 9, 2015). For example, "the names and titles of the employees who received hold notices and the dates that the notices were issued [are] not privileged." *In re Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, No. MD22-3047, 2024 WL 1808607, at *2 (N.D. Cal. Apr. 25, 2024) (citing *Doe LS 340 v. Uber Tech., Inc.*, 710 F. Supp. 3d 794, 803 (N.D. Cal. 2024)). Further, communications among recipients of litigation-hold notices *about* the litigation holds—that is, communications that were not prepared by counsel and were circulated or disseminated within the organization without counsel's participation—are not privileged.

Dkt. No. 84 (Order on Motion to Quash) at 14–15. Therefore, this request is QUASHED to the extent that it seeks documentation involving Shannon Ragonesi that, pursuant the framework described above, represents privileged material.

> **Request C5.** Full call logs and voicemail access records showing all inbound and outbound calls/voicemails to or from the following persons between October 1, 2023 and present: Simone Neal; Stephen Shurtleff; Maria Stevens; Any district-issued device or system related to these persons.

MSD asserts that this request "[s]hould not include request for calls that are privileged; i.e. to/from attorneys[.]" Dkt. No. 113 at 5.

Nothing in the language of this request appears to contemplate privileged material or material protected by the work-product doctrine. To the extent that MSD believes any relevant document contains such information, it may follow the procedure for withholding described in Federal Rule of Civil Procedure 45(e)(2).

**3.    Dowd Subpoena**

> **Request A1.** All voicemails (audio files and transcriptions) sent, received, forwarded, or accessed by: Simone Neal; Stephen Shurtleff; Patty Dowd; Any Mukilteo SD administrator or HR personnel; Any district-issued or personal device used for official purposes; Relating to or mentioning: Plaintiff Rosa Maria Cabrera Thompson, Seattle Public Schools (SPS), Dr. Tarance Hart, Shannon Ragonesi, Job references, reference checks, or hiring outcomes; If deleted, a declaration explaining deletion and date of deletion.

MSD asserts that this request seeks "clearly privileged information as it requests direct communications with Shannon Ragonesi and communications which are likely to include privileged work product[.]" Dkt. No. 113 at 5. The request does not seek "direct communications with Shannon Ragonesi." Rather it seeks material "[r]elating to or mentioning" Ragonesi. Merely referring to or mentioning counsel does not make a communication privileged. However, to the extent that MSD believes any relevant document contains privileged or protected information, it may follow the procedure for withholding described in Federal Rule of Civil Procedure 45(e)(2).

With respect to the final piece of the request, however, "the Court will not issue subpoenas that require the creation of documents that do not already exist." *Webster v. Haskins*, No. C18-1640, 2020 WL 5908999, at *2 (E.D. Cal. Oct. 6, 2020); *see also Gonzales v. Google, Inc.*, 234 F.R.D. 674, 683 (N.D. Cal. 2006) (noting that "[a]s a general rule, non-parties are not required to create documents that do not exist, simply for the purposes of discovery"). Therefore, this portion of the request is QUASHED.

ORDER ON NON-PARTY MOTION TO QUASH AND MODIFY PLAINTIFF'S SUBPOENA – 7

**Request A2.** All call logs (including metadata) reflecting incoming or outgoing communications between any Mukilteo School District employee (including but not limited to Neal, Dowd, Shurtleff, or Stevens) and: Seattle Public Schools staff, Shannon Ragonesi, Any outside school district/school board/third party/entity referencing Plaintiff.

Call logs and metadata reflecting communications with Shannon Ragonesi or other legal counsel that might be included within the definition of "third party/entity" are protected by attorney–client privilege. *See, e.g.*, *Rabin v. Pricewaterhousecoopers LLP*, No. C16-2276, 2016 WL 5897732, at *3 (N.D. Cal. Oct. 11, 2016). Therefore, that portion of the request is QUASHED. To the extent that MSD believes any relevant document responsive to the remainder of Plaintiff's request contains any privileged information, it may follow the procedure for withholding described in Federal Rule of Civil Procedure 45(e)(2).

**Request A3.** All emails, texts, Microsoft Teams messages, or internal memos exchanged between: Simone Neal, Patty Dowd, Stephen Shurtleff, Maria Stevens; SPS employees, Ragonesi, or reference-seeking school district officials; Concerning Plaintiff or positions she applied for.

Emails, texts, Microsoft Teams messages, and internal memos exchanged between MSD employees and Shannon Ragonesi are protected by attorney–client privilege. Therefore, that portion of the request is QUASHED. To the extent that MSD believes any relevant document responsive to the remainder of Plaintiff's request contains any privileged information, it may follow the procedure for withholding described in Federal Rule of Civil Procedure 45(e)(2).

**Request B5.** All written or oral communications referencing: Plaintiff's reference or "neutral reference" instructions; Any complaint, "red flag," or informal communication about Plaintiff's prior employment or litigation; Directives from legal or executive leadership about how to respond to Plaintiff's candidacy.

MSD asserts that this request "[s]hould not include request for communications that may include work-product or attorney-client information[.]" Dkt. No. 113 at 5. Written and oral

communications that are simply *referencing* "Directives from legal . . . leadership" are not privileged, provided they are not communications between counsel and MSD. However, the Directives themselves, as well as communications between counsel and MSD employees, are protected by attorney–client privilege. Therefore, that portion of the request is QUASHED. To the extent that MSD believes any relevant document responsive to the remainder of Plaintiff's request contains any privileged information, it may follow the procedure for withholding described in Federal Rule of Civil Procedure 45(e)(2).

> **Request B6.** Any investigations, audit trails, or internal complaints regarding: Unauthorized reference disclosures; Retaliation against Plaintiff or other applicants with litigation histories; Inter-district collusion.

MSD asserts that this request "[s]hould not include request for communications that may include work-product or attorney-client information[.]" Dkt. No. 113 at 5.

Nothing in the language of this request appears to contemplate privileged material or material protected by the work-product doctrine. To the extent that MSD believes any relevant document contains such information, it may follow the procedure for withholding described in Federal Rule of Civil Procedure 45(e)(2).

> **Request B7.** All HR system logs or digital tools showing: Hiring portal entries or deletions involving Plaintiff; Any "purple" daily to-do logs from Mr. Shurtleff referencing Plaintiff or reference interactions; Task lists and time entries reflecting communications with external districts.

MSD asserts that this request "[s]hould not include request for references on documents that may include work-product or attorney-client information[.]" Dkt. No. 113 at 5–6.

Nothing in the language of this request appears to contemplate privileged material or material protected by the work-product doctrine. To the extent that MSD believes any relevant

document contains such information, it may follow the procedure for withholding described in Federal Rule of Civil Procedure 45(e)(2).

> **Request C8.** Call and text logs (from personal cell or other non-district devices) if used for MSD-related communications with: SPS; Ragonesi; Any school district administrator/school board member/third party/entity about Plaintiff; Simone Neal or Stephen Shurtleff after November 1, 2023.

MSD asserts that this request "[s]hould not include request for communications involving Shannon Ragonesi, attorney, or other privileged information[.]" Dkt. No. 113 at 6. Call and text logs of communications with Ragonesi or other legal counsel is protected by attorney–client privilege. Therefore, that portion of the request is QUASHED. To the extent that MSD believes any relevant document responsive to the remainder of Plaintiff's request contains any privileged information, it may follow the procedure for withholding described in Federal Rule of Civil Procedure 45(e)(2).

> **Request C9.** Any messages or records reflecting bypassing of public HR channels, including: Use of personal cellphones for hiring-related correspondence; Circumventing public records compliance.

MSD asserts that this request "[s]hould not include request for communications that may include work-product or attorney-client information[.]" Dkt. No. 113 at 6.

Nothing in the language of this request appears to contemplate privileged material or material protected by the work-product doctrine. To the extent that MSD believes any relevant document contains such information, it may follow the procedure for withholding described in Federal Rule of Civil Procedure 45(e)(2).

> **Request D10.** Any records reflecting: Neal's resignation or departure from MSD; Her forwarding address or contact info (for purposes of service); Name, email, and title of her successor.

MSD asserts that this request "[s]hould not include request for communications that may include work-product or attorney-client information. Additionally, any personal contact information for Ms. Neal would be protected as it is private personal information." Dkt. No. 113 at 6.

As to privilege, nothing in the language of this request appears to contemplate privileged material or material protected by the work-product doctrine. To the extent that MSD believes any relevant document contains such information, it may follow the procedure for withholding described in Federal Rule of Civil Procedure 45(e)(2). As to personal information, Plaintiff already agreed that purely personal contact information of private individuals may be redacted, and she is only requesting the production of business contact information. *See* Dkt. No. 115-5 at 4. MSD SHALL either produce the business contact information for Neal if it has it, or inform Plaintiff that it is not in possession of the requested information.

**B.    Information that MSD Does Not Have**

MSD argues that the first point of Dowd request B7, discussed above, "should be directed toward hiring districts; MSD would not have this information as they were not hiring Plaintiff." Dkt. No. 113 at 6. MSD asserts that this request "cannot possibly be fulfilled by MSD." *Id.* Plaintiff counters that this is "misdirection." Dkt. No. 121 at 6. Plaintiff argues that, contrary to MSD's position, *only* MSD can produce this information. The Court will not presume to know what MSD can and cannot access within "HR system logs or digital tools." But the Court will presume that MSD is better situated than Plaintiff to evaluate its own ability to obtain the requested information. If MSD is truly unable to fulfill this request, then a "sworn . . . certificate[] attesting to the inability to locate information . . . satisfies its discovery obligation." *Dupraz v. Does 1–10*, 721 F. Supp. 3d 1000, 1003 (N.D. Cal. 2024).

**C.    Production Date**

In its prior order on an earlier motion to quash by MSD, the Court explained:

"Rule 45 has been crafted to mirror 'the other discovery rules.'" *BNSF Ry. Co. ex rel. U.S. v. Ctr. for Asbestos Related Disease, Inc.*, No. C19-40, 2022 WL 1442854, at *4 (D. Mont. May 6, 2022) (citing Fed. R. Civ. P. 45 advisory committee's note to 1970 amendment). "Under Rule 34, a party is generally afforded 30 days to produce documents, no matter how small or non-complex the request." *Id.* (citing Fed. R. Civ. P. 34(b)(2)(A)).

Dkt. No. 84 at 17. Nevertheless, with nearly one year still remaining to complete discovery, Plaintiff insisted on a response from a non-party in short order, with little flexibility. *See, e.g.*, Dkt. No. 115-5 at 4. Plaintiff insisted on a short timeline even though MSD had repeatedly pointed out to Plaintiff the Court's rejection of Plaintiff's allowance of only nine business days for its prior subpoena. *See* Dkt. No. 115-4 at 2–3.

MSD requests that the Court allow production by October 1, 2025, a date that lapsed some six months ago.[2] *See* Dkt. No. 113 at 6. Because MSD has not moved to withdraw its motion, the Court assumes that it is still awaiting a decision on the instant motion before it initiates production. The Court notes MSD's representation that the subpoenas request information that has already been requested in the Plaintiff's direct case against MSD (*Thompson v. Mukilteo School District No. 6*, Case No. C25-529, (W.D. Wash.)). Dkt. No. 115-2 at 2. Given this and the fact that discovery in this case closes on August 21, 2026 (*see* Dkt. No. 83 (scheduling order)), the Court will order MSD to produce records responsive to Plaintiff's subpoena within 45 days of this Order.

\*          \*          \*

As a final note, much of this motion was an inefficient drain of the Court's time. It is frustrating indeed that the Court's intervention is necessary to decide whether a communication between *a client and their attorney* is or is not protected by attorney-client privilege. This is,

---

[2] The Court regrets the length of time it has taken to reach this motion due to its trial schedule last fall and to the drastic increase in immigration habeas petition filings this year.

ORDER ON NON-PARTY MOTION TO QUASH AND MODIFY PLAINTIFF'S SUBPOENA – 12

moreover, an issue that Plaintiff should understand more readily than the typical pro se litigant, as she holds a juris doctorate degree. *See* Dkt. No. 21-8 (Plaintiff's curriculum vitae) at 3. The Court cautions the Parties (and non-Party) that they are expected to cooperate to resolve discovery issues, especially issues as elementary as these. The Court's time and resources are scarce commodities. Most of the questions decided herein should have never reached the undersigned's desk.

### III.   CONCLUSION

Accordingly, MSD's motion to quash is GRANTED IN PART and DENIED IN PART. It is hereby ORDERED:

(1)   Shurtleff Subpoena Requests A1 and D6 are QUASHED, as described in Section II.A.1 of this Order.

(2)   Trisler Subpoena Request B3 is QUASHED, as described in Section II.A.2 of this Order.

(3)   Dowd Subpoena Requests A1, A2, A3, B5, and C8 are QUASHED, as described in Section II.A.3 of this Order.

(4)   The remainder of MSD's requests are DENIED consistent with this Order.

(5)   This Order is predicated upon, and does not disturb, the narrowing of requests made by Plaintiff. *See, e.g.*, Dkt. No. 115-5 at 3–5.

(6)   MSD SHALL produce records responsive to the Shurtleff, Trisler, and Dowd Subpoenas, as modified by this Order, **no later than May 15, 2026.**

Dated this 31st day of March 2026.

Tana Lin
United States District Judge