UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSA MARIA CABRERA THOMPSON, | CASE NO. 2:25-cv-00468-TL |
| Plaintiff, | ORDER ON MOTION FOR PROTECTIVE ORDER |
| v. | |
| SEATTLE PUBLIC SCHOOLS, a public school district in the State of Washington, | |
| Defendant. | |

This matter is before the Court on Defendant Seattle Public Schools' ("SPS") Motion for Protective Order. Dkt. No. 137. Having reviewed the motion, Plaintiff's response (Dkt. No. 139), Defendant's reply (Dkt. No. 141), and the relevant record, the Court GRANTS IN PART and DENIES IN PART Defendant's motion.

## I.    BACKGROUND

The Court assumes familiarity with the allegations and facts of this employment-discrimination case. The instant motion represents the latest skirmish in a long-running conflict between the Parties regarding the scope, nature, and volume of Plaintiff's discovery. The Court

ORDER ON MOTION FOR PROTECTIVE ORDER – 1

will not recite each episode of unpleasantness herein. Now before the Court is a motion for a protective order, in which Defendant seeks the Court's intervention in reining in what it believes are Plaintiff's abusive discovery practices. Plaintiff opposes the motion.

## II.    LEGAL STANDARD

A district court has wide discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). A court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including if a Rule 30(b)(6) subpoena or notice is improper. Fed. R. Civ. P. 26(c)(1); *see also Saevik v. Swedish Med. Ctr.*, No. C19-1992, 2021 WL 2411612, at *1 (W.D. Wash. June 14, 2021). Good cause exists when the discovery sought is irrelevant. *Advanced Hair Restoration LLC v. Bosley Inc.*, No. C23-1031, 2024 WL 3833493, at *2 (W.D. Wash. Aug. 15, 2024); *see also Allied World Nat'l Assurance Co. v. Foremost Ins. Co.*, No. C20-154, 2021 WL 796331, at *2 (W.D. Wash. Mar. 2, 2021) (granting in part a motion for protective order "given the fact that the materials sought are not relevant and therefore their production would be an unnecessary burden and expense in this case").

As with its discretion for controlling discovery in general, a district court also has broad discretion in determining relevancy for discovery purposes. *See Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). However, even if relevant, a Rule 30(b)(6) notice "may only ask about topics that are proportional to the needs of the case and that describe the topics for examination with a reasonable degree of particularity." *Simkins by Simkins v. N.Y. Life Ins. Co.*, No. C23-578, 2023 WL 6541460, at *1 (W.D. Wash. Oct. 6, 2023).

## III.    DISCUSSION

To obtain a protective order, a party must "provide 'specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory

ORDER ON MOTION FOR PROTECTIVE ORDER – 2

allegations of potential harm.'" *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130–31 (9th Cir. 2003) (quoting *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987)). Here, Defendant seeks wide-ranging relief that comprises eight specific requests. *See* Dkt. No. 137 at 12. The Court will examine each request in turn.

### 1. Prohibition Against Duplicative Depositions

Defendant requests a Court order that prevents Plaintiff "from deposing Seattle Public Schools employees and legal counsel in both the present case and again in the related case of *Rosa Cabrera Thompson v. Mukilteo School District*, Case No. 2:25-cv-00529-JNW." Dkt. No. 137 at 12. In support of its position, Defendant asserts that "Plaintiff . . . plans to force all SPS witnesses to endure two depositions covering essentially the same questions regarding their limited knowledge of the facts of these cases," which "is an undue burden on the witnesses and increases the cost of litigation for the school district unnecessarily[,] as legal counsel will have to attend and defend two sets of depositions." *Id.* at 11.

For her part, Plaintiff asserts that her depositions between this case and the parallel case (the "529 case") will not be duplicative. "Each witness," she argues, "is sought for unique, non-overlapping factual knowledge relevant to the case in which the deposition is noticed." Dkt. No. 139 at 14. The record demonstrates, however, that this is not entirely accurate.

Plaintiff asserts that she seeks to depose Tarance Hart regarding "SPS-specific hiring and reference-check facts and communications." *Id.* In noticing Hart's deposition in the 529 case, however, Plaintiff instructed Hart to produce

> All completed and incomplete reference from Dr. Hart forms for
> plaintiff, all references, all call logs, all plaintiff's application
> materials, all non-privilefed [*sic*] communications about plaintiff,
> all board policies for hiring, qualifications for incumbant [*sic*]
> candidate selected, all internal policies on references/checks, all
> LER list of candidates not approved for hire and reason why, all
> applitrack data & settings for Plaintiff[.]

ORDER ON MOTION FOR PROTECTIVE ORDER – 3

Dkt. No. 138-3 (Hart Subpoena) at 2. "SPS-specific hiring and reference-check facts and communications"—Plaintiff's stated purpose for deposing Hart—would seem to be covered by the materials subpoenaed, and presumably asked about, in Hart's deposition in the 529 case. There is, in other words, considerable overlap between what Plaintiff appears to be seeking from Hart in this case, and what Plaintiff appears to be seeking from Hart in the 529 case.

As to Shannon Ragonesi, Plaintiff asserts that Ragonesi is "sought as a fact witness for timing, existence of communications, and handling of information (not privileged substance and not as 'trial counsel'). Ragnoesi's deposition notice in the 529 case ordered her to produce:

> All WSRMP retainers (2022–present), all MSD retainers/contracts (2022–present), all Seattle Public Schools (SPS) Contracts for Service (2022–Present), All invoices (non-privileged—dates/amounts/claim numbers/to/from) 2022–present), All travel documents and purpose (2024–Present), all call logs (2023–Present), all common interest agreements (2022–Present), all conflict checks from KBM (2022– [*sic*] [.]

Dkt. No. 138-4 at 2 (Ragonesi Subpoena). Similarly to Hart, there appears to be significant overlap between what Plaintiff seeks from Ragonesi in this case, and what Plaintiff seeks from Ragonesi in the 529 case.

As to the other SPS witnesses that Plaintiff mentions in her opposition brief—Sandra Philbrook, Jameeka Hill, Misa Garmoe, and Demetrice Lewis—the overlap between the information she seeks here and the information she seeks in the 529 case appears to be much less substantial. Plaintiff asserts that she seeks to depose "Philbrook / Hill / Garmoe / Lewis" about "discrete HR systems, reference handling, SAP/NeoGov processes, and risk-pool coordination knowledge." Dkt. No. 139 at 14.

The Philbrook deposition notice ordered Philbrook to produce:

> All completed and incomplete reference from Dr. Hart forms for plaintiff, all references, all call logs, all plaintiff's application materials, all emails directing LER or others to not hire plaintiff,

ORDER ON MOTION FOR PROTECTIVE ORDER – 4

> all board policies for hiring internal and external candidates, all internal policies on references, all LER list of candidates not approved for hire and reason why, all settings for candidate application (applitrack data & settings)[.]

Dkt. No. 138-3 at 7 (Philbrook Subpoena).

The Hill and Lewis deposition notices ordered both Hill and Lewis to produce:

> All completed and incompleted reference from Dr. Hart forms for plaintiff, all references, all call logs, all plaintiff's application materials, all non-privilefed [*sic*] communications about plaintiff, all board policies for hiring internal and external candidates, all internal policies on references/checks, all LER list of candidates not approved for hire and reason why, all settings for candidate application (applitrack data [*sic*] [.]

Dkt. No. 138-3 at 3 (Lewis Subpoena), 6 (Hill Subpoena).

The Garmoe deposition notice ordered Garmoe to produce:

> All reference forms for plaintiff, all non-priviled [*sic*] WSRMP/insurer communications, all call logs, all non-privilefed [*sic*] communications about plaintiff, all emails/communications about Plaintiff, all internal policies on references/checks, all hiring board policies, all non-privileged communications from LER about plaintiff, all union president communications, all applitrack data/settings for plaintiff (2023–present).

Dkt. No. 138-3 at 4 (Garmoe Subpoena).

In sum, what all of this demonstrates is that Plaintiff's assertion that she "does not seek duplicative testimony" appears to be overstated, particularly with respect to Hart and Ragonesi. Dkt. No. 139 at 14. Still, this case is *not* the 529 case, and discovery in the two cases has not been coordinated. *See* Whitehead Omnibus Order at 10, *Thompson v. Mukilteo Sch. Dist. No. 6* (June 23, 2025), Dkt. No. 93 ("[T]he Court finds no reason to order coordination of Thompson's cases. The lawsuits involve different claims, different parties, different facts, and different law."). The fact remains that Plaintiff is involved in two lawsuits and is entitled to discovery in both.

ORDER ON MOTION FOR PROTECTIVE ORDER – 5

Defendant's "fear[] [that] Plaintiff will continue to disregard the rules of procedure and the evidence rules during the depositions she seeks to take" (Dkt. No. 137 at 11) is speculative. "A mere showing that the discovery may involve some inconvenience or expense does not suffice to establish good cause under Rule 26(c)." *United States E.E.O.C. v. Caesars Ent., Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006). Although the Court might "implore[] the parties to minimize redundancy and maximize efficiency in litigating the two cases," *Assoc. Indus. Ins. Co., Inc. v. Cole | Wathen | Leid | Hall, P.C.*, No. C20-14, 2020 WL 3605589, at *4 (W.D. Wash. July 2, 2020), the Federal Rules of Civil Procedure do not provide the Court with a robust toolbox of prophylactic methods to compel the Parties to do so.

Still, the Court cautions the Parties to keep an eye on the relevance and usefulness of depositions. Where depositions prove to have been unnecessary—if, for example, they are not used at trial, *see Washington State Dep't of Transp. v. Washington Nat. Gas Co.*, 59 F.3d 793, 806 (9th Cir. 1995); or if they are "merely useful for discovery," *Indep. Iron Works, Inc. v. United States Steel Corp.*, 322 F.2d 656, 678 (9th Cir. 1963)—the Court may refuse to award costs for them. *See Porter v. City of Auburn*, No. C03-2662, 2005 WL 8167964, at *1 (W.D. Wash. Feb. 3, 2005) ( reducing award of costs where "[m]ost of the depositions the parties took were unnecessary," where "[s]ome of the witnesses who testified provided little or no relevant testimony for the jury," and where "the parties unnecessarily prolonged the depositions with digressions into irrelevant subject matter"). If it is Plaintiff's intention to harass and annoy through the taking of extraneous depositions—an allegation that, to be sure, Defendant has not adequately substantiated—she runs the risk of bearing their cost, even if she ultimately prevails in this case.

Accordingly, this request is DENIED.

ORDER ON MOTION FOR PROTECTIVE ORDER – 6

**2.      Protection for Keating, Bucklin & McCormack and Ragonesi**

Defendant seeks "[a]n order protecting the non-party law firm of Keating, Bucklin & McCormack, Inc., P.S. from having to respond to a future subpoena duces tecum that seeks private, proprietary and / or financial information that is not relevant to the issues in this case similar to the subpoena Plaintiff served the firm in her related case." Dkt. No. 137 at 2. Defendant seeks the same protection for non-party legal counsel Shannon Ragonesi. *Id.* Plaintiff asserts that she has "narrowed requests to non-privileged categories (non-privileged communications, retainers, redacted invoices/billing, and call logs limited to the relevant period)," and that she "agreed to limit witness document requests to what each witness has in their possession, custody, or control, supplemented where appropriate by Plaintiff's pre-marked, Bates-stamped, non-privileged exhibits." Dkt. No. 139 at 13–14.

On these requests, the Court agrees with Plaintiff that disputes on this subject "can be addressed through ordinary objections, Rule 26(b)(5) logs, and targeted motion practice tied to an actual record—not a sweeping pre-ban." *Id.* at 14. Defendant's requests amount to re-statements of the rules regarding relevance and privilege, and the Court will not proactively underline established law. To the extent that Defendant fears that Plaintiff will serve subpoenas that are similar to subpoenas that she served in the 529 case, Defendant may pursue relief through the ordinary channels provided by the Federal Rules. The Court will not pre-emptively wade into a discovery dispute that has not yet arisen. However, Rule 37 authorizes the Court to order the culpable party in a discovery dispute to pay the other party's costs, and the Court will do so, if and when circumstances dictate as much.

Accordingly, these requests are DENIED.

ORDER ON MOTION FOR PROTECTIVE ORDER – 7

### 3.    Categorical Privilege Log Entries

Defendant seeks "[a]n order permitting categorical privilege log entries for privileged information sought by Plaintiff." Dkt. No. 137 at 2. Plaintiff argues that such an approach to a privilege log would represent "abandonment of the Rule 26(b)(5) standard." Dkt. No. 139 at 12. She asserts, "Categorical privilege logs are contrary to Ninth Circuit law." *Id.*

Plaintiff misstates the law in the Ninth Circuit. First, Plaintiff asserts that "[t]he Ninth Circuit has made clear that . . . logs that are 'silent' or too categorical to permit assessment are improper." *Id.* (quoting *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142 (9th Cir. 2005) ("*Burlington Northern*")). However, the concern in *Burlington Northern* was not categorical assertions of privilege but rather the "blanket assertions of privilege" that "reveal so little about the basis for withholding the materials that they are 'functionally silent.'" 408 F.3d at 1148 & n.2. The issue was the log's content, not its format.

Second, categorical privilege logs are not contrary to the law, nor are they disfavored. Under Rule 26(b)(5)(A)(ii), a party withholding information on the basis of privilege or work-product must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Courts have found that the Rule does not mandate a document-by-document approach. "[T]he Advisory Committee Notes following Rule 26 indicate that a document-by-document privilege log is *not* required in certain circumstances." *In re Imperial Corp. of Am.*, 174 F.R.D. 475, 477 (S.D. Cal. 1997); *see In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992) ("We have previously recognized a number of means of sufficiently establishing the privilege, one of which is the privilege log approach."). Still, the "document-by-document log . . . undoubtedly will, and should remain, the traditional format." *In re Imperial Corp.*, 174 F.R.D. at 478.

Deviation from the "traditional format" is appropriate where "a document-by-document privilege log would be unduly burdensome and inappropriate." *Id.* Such circumstances arise where discovery involves an especially large number of potentially responsive records—e.g., "hundreds of thousands, if not millions, of documents." *Id.* In *In re Imperial Corp.*, for example, the ocean of documents derived from "at least three years of litigation . . . involving multiple parties (approximately 50) [and] law firms (approximately 20)." *Id.* The court there found that "it would be foolish to believe that very many of those documents would be other than protected by attorney–client privilege or work product." *Id.* at 479.

Here, Defendant describes Plaintiff's discovery requests "outrageously broad." Dkt. No. 137 at 9. Plaintiff seeks information from Defendant's counsel's law firm that encompasses "all client matters and invoices and financial banking and payment information for the last four years for [approximately 19] attorneys." *Id.* Combing through these case files "would take an unmeasurable amount of time." *Id.* For her part, Plaintiff does not present an argument beyond her categorical rejection of categorical privilege logs. *See* Dkt. No. 139 at 12. She does not assert dispute Defendant's characterization of her requests as "outrageously broad."[1] Moreover, the Court understands Defendant's position to be that what is burdensome is the sorting and sifting through documents to determine privilege, and not necessarily the production itself. Plaintiff's argument that she "is not seeking unrelated client confidences or privileged mental impressions" (*id.* at 15) does not lessen Defendant's burden in determining, on a document-by-document basis, what is or is not privileged or protected. Declaring that one seeks only the needle does not make the haystack any smaller.

---

[1] The Court has already discussed this issue, should Plaintiff actually propound requests that Defendant believes are overbroad or irrelevant. *See supra* Section III.2.

ORDER ON MOTION FOR PROTECTIVE ORDER – 9

Therefore, this request is DENIED. Rule 26 provides Defendant with the relief it requests, and the Court's permission to adhere to the Rule is unnecessary. In accordance with Rule 26, Defendant must produce a privilege log that contains sufficient information to "enable [Plaintiff] to assess . . . claim[s]" of privilege. Fed. R. Civ. P. 26(b)(5)(A)(ii); *see In re Imperial Corp.*, 174 F.R.D. at 479 (enumerating information to be provided in categorical privilege log).

### 4.      Unilateral Adjournment of Depositions

Defendant seeks an order "allowing SPS or a witness being deposed by Plaintiff to adjourn a deposition if they believe Plaintiff is engaging in harassing conduct, repetitive questioning, or asking questions outside the relevant scope of discovery; and to seek judicial relief before the deposition can continue." Dkt. No. 137 at 2. Plaintiff argues that Federal Rule of Civil Procedure 30(d)(3) provides Defendant with as much protection that she might need, and that such an order "invites gamesmanship and conflicts with the Rule's structure." Dkt. No. 139 at 11.

The Court agrees with Plaintiff. Rule 30(d)(3)(A) provides:

> At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. The motion may be filed in the court where the action is pending or the deposition is being taken. If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.

This would seem to give Defendant the relief that it seeks from the Court. Depositions are inherently intrusive and generally unpleasant. In the event that a deponent or their representative believes that their interrogator has crossed the line between examining and harassing, Rule 30 affords them the procedure for objecting. Nevertheless, the Court underlines its expectation that participants in this case conduct themselves courteously and professionally.

Therefore, this request is DENIED.

ORDER ON MOTION FOR PROTECTIVE ORDER – 10

**5.    Cooperative Scheduling of Depositions and After-Hours Responses**

Defendant seeks an order "requiring the parties to work cooperatively together to schedule deposition dates that are mutually agreeable with Plaintiff, defense counsel and the deponent rather than unilaterally setting depositions"; and an order "protecting Defendant from having to immediately review or respond to demands made by Plaintiff on weekends, holidays or during non-business hours." Dkt. No. 137 at 2.

The Parties appear to have reached an agreement that renders these requests moot. In its reply brief, Defendant asserts that Plaintiff "agrees to cooperative scheduling of depositions and not requiring a response to after hours emails and demands." Dkt. No. 141 at 2. The Court disagrees with Defendant that such cooperation necessarily means that it should grant Defendant's requested relief. Rather, the entente between the Parties obviates the need for the Court's intervention.

Therefore, these requests are DENIED.

**6.    Numerical Limits on Future Requests for Admission and Requests for Production**

Finally, Defendant seeks an "order limiting the number of future requests for admission and requests for production served by Plaintiff in this case to five each." Dkt. No. 137 at 2. Defendant asserts that Plaintiff has thus far propounded 45 interrogatories,[2] 72 requests for production, and 52 requests for admission. Dkt. No. 138 (Ragonesi Decl.) ¶ 6. As to the requests for admission and requests for production, in Plaintiff's parallel case, United States District Judge Jamal N. Whitehead found that Plaintiff's 67 requests for production and 230 requests for

---

[2] The Court notes that pursuant to Federal Rule of Civil Procedure 33, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1).

admission in that case were "excessive, unreasonably cumulative or duplicative, and disproportionate to the needs of this case." *Thompson v. Mukilteo Sch. Dist. No. 6*, No. C25-529, 2025 WL 3718633, at *1 (W.D. Wash. Dec. 23, 2025). Judge Whitehead ordered that Plaintiff could not propound additional requests for written discovery without first obtaining the court's permission. *See id.*

In this case, Plaintiff has propounded more requests for production than she has in her other case. Therefore, Defendant's request that Plaintiff be limited to five (5) more is GRANTED.

As to requests for admission, Defendant has provided only "conclusory assertions that the volume of discovery is facially excessive, [which] will not suffice for issuance of a protective order." *U.S. Bank Nat'l Ass'n v. SFR Inv. Pool 1, LLC*, No. C17-1677, 2018 WL 2271222, at *1–2 (rejecting argument that 116 requests for admission is excessive); *see Wigler v. Elec. Data Sys. Corp.*, 108 F.R.D. 204, 206 (D. Md. 1985) (acknowledging cases finding 154 and 106 requests for admission to be unobjectionable). Therefore, Defendant's request that Plaintiff be limited to five (5) more requests for admission is DENIED.

### 7.    Plaintiff's Requests

In her opposition to Defendant's motion, Plaintiff makes a number of affirmative requests. *See* Dkt. No. 139 at 16–17. However, "it is procedurally improper to include a request for affirmative relief in a response brief." *Meghinasso v. Mercedes-Benz USA*, No. C17-5930, 2022 WL 226078, at *1 (W.D. Wash. Jan. 26, 2022); *see Sergeant v. Bank of Am., N.A.*, No. C17-5232, 2018 WL 1427345, at *1 n.2 (W.D. Wash. Mar. 22, 2018) ("[R]equests for affirmative relief must be made in a motion, not in the response[.]" (citing LCR 7(b)(1), 7(k)). Therefore, the Court will not consider Plaintiff's requests for relief.

## IV.    CONCLUSION

Therefore, Defendant's motion for a protective order (Dkt. No. 137) is GRANTED IN PART and DENIED IN PART. It is hereby ORDERED:

(1)    Plaintiff is limited to propounding no more than five (5) additional requests for production. Should Plaintiff wish to propound more, she must seek leave from the Court.

(2)    In all other regards, Defendant's requests for relief are DENIED.

Dated this 31st day of March 2026.

_____
Tana Lin
United States District Judge

ORDER ON MOTION FOR PROTECTIVE ORDER – 13