UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSA MARIA CABRERA THOMPSON, | CASE NO. 2:25-cv-00468-TL |
| Plaintiff, | ORDER ON MOTION TO COMPEL |
| v. | |
| SEATTLE PUBLIC SCHOOLS, a public school district in the State of Washington, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion to Compel. Dkt. No. 131. Having reviewed the motion, Defendant's response (Dkt. No. 134), Plaintiff's reply (Dkt. No. 136), and the relevant record, the Court DENIES the motion.

## I.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 37, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). The party seeking to compel discovery has the

ORDER ON MOTION TO COMPEL – 1

burden of establishing that its requests are relevant. Fed. R. Civ. P. 26(b)(1). However, once this showing is made, the party seeking to deny discovery must "carry a heavy burden of showing why discovery" should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). In responding to a motion to compel discovery, "the party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998). "[O]bjections that were raised in response to a particular discovery request but not raised in briefing on a discovery motion are . . . waived." *O.L. v. City of El Monte*, No. C20-797, 2021 WL 926105, at *3 (C.D. Cal. Jan. 11, 2021); *see Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999) ("When ruling upon a motion to compel, the court generally . . . deems objections initially raised but not relied upon in response to the motion as abandoned.").

## II.    DISCUSSION

This is a discovery dispute in an employment-discrimination case. Plaintiff is Rosa Maria Cabrera Thompson, a school administrator. Defendant is Seattle Public Schools. Plaintiff's motion to compel here concerns Defendant's responses to: (1) Plaintiff's First and Second Set of Interrogatories; (2) Plaintiff's First, Second, Third, and Fourth Sets of Requests for Production; and (3) subpoenas duces tecum issued to two of Defendant's employees: Tarance Hart and Demetrice Lewis. *See* Dkt. No. 131 at 1–2.

Plaintiff makes five specific requests in her motion to compel. *See* Dkt. No. 131 at 1–2. The Court will address these in turn. Plaintiff's requests can be divided into two categories. The first covers issues regarding Defendant's responses to discovery requests that Plaintiff has propounded. The second covers procedural issues.

ORDER ON MOTION TO COMPEL – 2

**A.      Requests Related to Deficient Responses**

Plaintiff's first two requests concern allegedly non-existent or insufficient responses to discovery.

**1.      Overdue Responses**

First, Plaintiff seeks a court order that compels Defendant to "[s]erve long overdue responses to Plaintiff's Second Set of Interrogatories and Second, Third, and Fourth Sets of Requests for Production ('RFPs')." Dkt. No. 131 at 1. In response, Defendant asserts that it "provided complete responses to these requests." Dkt. No. 134 at 6. Defendant admits that its responses to these discovery requests were overdue, but that they have since "been provided in full." *Id.* In her reply brief, Plaintiff appears to concede that Defendant has indeed responded, but she now asserts that Defendant's responses are deficient. *See* Dkt. No. 136 at 3–4.

In this Court, "Any opposed discovery motion shall contain a verbatim recitation of the discovery request and objection (if any) at issue, or shall attach a copy of same." Standing Order for All Civil Cases (Lin, J.) § IV.A.[1] The Introduction to this District's Local Civil Rules states that "[a]ll counsel and unrepresented parties are encouraged to review their assigned judge's web page for procedural information specifically applicable to each judge." On June 3, 2025, the Parties confirmed that they had reviewed the Court's Chambers Procedures. *See* Dkt. No. 47 (Joint Status Report) at 19.

Plaintiff has not complied with the Court's directive on discovery motions. Instead of providing "verbatim recitation[s]," Plaintiff provides with her reply brief a "Chart of Defective Discovery Responses . . . , which summarizes each interrogatory/RFP/subpoena at issue, [Defendant]'s response, and the specific rule violations." Dkt. No. 136 at 1; *see* Dkt. No. 136-1

---

[1] The Court's Standing Order was updated on March 13, 2026, but the language in the updated order is substantively identical to that in the version effective in November 2025, when Plaintiff filed her motion to compel.

ORDER ON MOTION TO COMPEL – 3

(chart) at 2–5. The Court's Standing Order clearly requires "verbatim recitation[s]" of the disputed recovery requests, not summaries. This is no mere formality; the requests and responses constitute the *very basis* for the motion to compel. As one court has put it, when evaluating such a motion, "[t]hat context would be helpful, to say the least." *Schmetter & Assocs., LLC v. Bernzott Capital Advisors Corp.*, No. C15-449, 2019 WL 13535911, at *2 (D. Colo. Aug. 28, 2019).

First, providing a summary, as Plaintiff purports to do, still requires the Court and opposing counsel to spend time reviewing the summary, then confirming that the interpretation presented is accurate. In effect, it multiplies one inquiry into two. The requirement in the Court's Standing Order is intended to save time so that once a Court reaches a motion, it can resolve the dispute quicker and more efficiently, especially given the substantial increase in filings in this District, which has put even more of a strain than usual on the Court's limited resources. Second, a litigant cannot raise in a reply brief what should have been included in the original motion. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Mort v. DeJoy*, No. C19-552, 2023 WL 168834, at *2 (E.D. Cal. Jan. 12, 2023) (collecting cases).

Plaintiff's failure to include the specific language of both the request and response in her motion violates the Court's order. Given Plaintiff's history of noncompliance with the local rules and this Court's standing order, the Court cannot excuse or reward this deficiency.[2] A party who without just cause fails to comply with any of the Federal Rules, Local Civil Rules, or an order

---

[2] Had this been Plaintiff's first violation of this Court's or this District's Rules, the Court would have considered providing Plaintiff with some grace on the issue. But throughout her prosecution of this case, Plaintiff has consistently flouted proper procedure. *See, e.g.*, Dkt. No. 41 at 4 (denying motion for entry of default and for default judgment due to Plaintiff's noncompliance with Local Civil Rule 55; Dkt. No. 75 at 5 (striking submission as violative of Local Civil Rule 7(b) and cautioning Plaintiff "to prosecute her case in accordance with the Federal Rules of Civil Procedure, the Local Civil Rules of this District, and this Court's Standing Order for All Civil Cases"); Dkt. No. 84 at 19–20 (striking as improper a sur-reply in violation of Local Civil Rule 7(g)).

ORDER ON MOTION TO COMPEL – 4

of the Court "may be subject to such . . . sanctions as the court may deem appropriate." LCR 11(c). Here, the Court deems it appropriate to DENY Plaintiff's request.

### 2. Deficient Responses to Discovery Requests

Second, Plaintiff seeks a court order that compels Defendant to "[s]erve complete and non-evasive supplemental responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Production, curing the deficiencies identified herein." Dkt. No. 131 at 2. Defendant counters that it "provided complete responses to Plaintiff's first interrogatories and requests for admission on July 17, 2025." Dkt. No. 134 at 4. Additionally, Defendant points out that "Plaintiff Has Failed to Specifically Identify By Number Which Responses To Her First Set of Interrogatories and Requests for Production Were Deficient, or Which Objections Were Improper." *Id.*

Plaintiff's request here is deficient for the same reason as her first request. Plaintiff has not provided verbatim recitations of the requests and responses at issue, and for the same reasons as previously stated, *see supra* Section II.A.1, this request is DENIED.

### 3. Deficient Responses to Subpoenas

Third, Plaintiff seeks a court order that compels Defendant to "[p]roduce documents and electronically stored information ("ESI") responsive to Plaintiff's subpoenas to Dr. Tarance Hart and Ms. Demetrice Lewis, including call logs, voicemails, metadata, and device-related information." Dkt. No. 131 at 2. Defendant responds,

> On July 28, 2025, both witnesses served objections to the subpoenas on Plaintiff. Ms. Lewis served responses that same day, and Dr. Hart served responses on August 8, 2025. In addition, the District has already provided the documents in its possession that were responsive to the subpoenas served on Dr. Hart and Ms. Lewis.

Dkt. No. 137 at 7 (citation modified).

ORDER ON MOTION TO COMPEL – 5

As a preliminary matter, Plaintiff asserts that Defendant's objections to these subpoenas were untimely. *See* Dkt. No. 131 at 7. The Court need not examine the requests or the substance of the objections to rule on this particular issue. Plaintiff asserts that her "subpoenas required compliance by July 27, 2025." *Id.* July 27, 2025, was a Sunday, however, which pushed the deadline to Monday, June 28, 2025. *See* Fed. R. Civ. P. 6(a)(1)(C); LCR 6(a). Plaintiff asserts that Defendant served objections on July 28, 2025. Dkt. No. 131 at 7. These objections were therefore timely.[3]

Regarding the substance of the objections, as with the first two requests in her motion, Plaintiff has not provided verbatim recitations of the requests and responses at issue and instead provides a five-point list of purported "defects" in Defendant's responses. *See* Dkt. No. 136-1 at 5–6. For the same reasons as previously stated, then, *see supra* Section II.A.1, this request is DENIED.

**B.      Requests Related to Discovery Procedures**

**1.      Meet-and-Confer Requirements**

Fourth, Plaintiff seeks a court order that "[c]onfirm[s] that future meet-and-confer efforts may be conducted by email and that Defendant may not condition conferrals on the use of a court reporter." Dkt. No. 131 at 2.

As to the first request, this District's Local Civil Rules require that Parties meet and confer either face-to-face or telephonically. *See* LCR 1(c)(6), 37(a)(1). Plaintiff's assertion that the Local Rule "do[es] not dictate that conferrals occur only verbally" is, simply put, wrong. Pursuant to the Rule, "A good faith effort to confer with a party or person not making a disclosure or discovery *requires a face-to-face meeting or a telephone conference.*" LCR

---

[3] This is not the first time that the Court has had to point out to Plaintiff that, by rule, a deadline that falls on a Sunday is automatically extended to the following Monday. *See* Dkt. No. 84 (Order on Motion to Quash) at 7.

37(a)(1) (emphasis added). Plaintiff has not presented the Court with sufficient justification to excuse the Parties from this obligation.

As to the second request, Plaintiff's objection to Defendant's use of a court reporter appears to revolve around "cost and formality." Dkt. No. 136 at 9. But Defendant has asserted that *Defendant* pays for the reporter's services. *See* Dkt. No. 134 at 8. And Defendant asserts further that it offered to provide Plaintiff with transcripts "free of cost to her." *Id.* Even if Defendant did not make such an offer, however—and there appears to be some dispute in this regard (*see* Dkt. No. 131 at 15)—Plaintiff is under no obligation to purchase a transcript. And Plaintiff's clear desire that no court reporter be present at these conferences is indicative of her indifference toward whether she obtains a transcript or not. After all, if there is no reporter—i.e., Plaintiff's stated preference—there is no transcript. Plaintiff states that Defendant's use of a court reporter would "place a pro se civil-rights plaintiff at a structural disadvantage" (*id.*), but the Court is not sure how a court reporter's presence would do so, irrespective of the cause of action or Plaintiff's status as a pro se litigant, and especially where the Party requesting the court reporter has stated it will pay the associated expenses (and has now offered in writing to provide transcripts free of cost). Finally, as to formality, a meet-and-confer is a Court-mandated procedure, not a spontaneous barroom argument; it *is*, in fact, formal, despite the Court's minimal participation. Plaintiff argues that the presence of a court reporter "risk[s] chilling Plaintiff's ability to raise legitimate concerns knowing every conversation is turned into a litigation weapon." Dkt. No. 136 at 9. But if a concern is indeed legitimate, then Plaintiff need not be concerned about raising it. Moreover, litigation is both adversarial and verbal; it is axiomatic that *any* communication that an attorney might utter to opposing counsel might someday be brought to the Court's attention. Unless a Party has a legitimate reason to shield the

ORDER ON MOTION TO COMPEL – 7

Court from interparty communications—such as, for example, Federal Rule of Evidence 408's treatment of compromise offers and negotiations—there should be nothing to fear.

Plaintiff points to no rule or case law that forbids a party's use of a court reporter at a meet-and-confer. For its part, Defendant does not cite to any rule or case law that requires the use of a court reporter at a meet-and-confer. In any event, the limited Ninth Circuit case law that the Court could locate on the matter indicates that, what *is* required prior to the Court's intervention in a discovery dispute is the Parties' participation in the conference itself. In *Lynwood Redevelopment Agency v. Ross*, the third-party defendants refused to participate in a meet-and-confer *without* the presence of a court reporter. No. C11-2207, 2013 WL 12638951, at *2–3 (C.D. Cal. Oct. 18, 2013). The Court ruled that, under such circumstances, the third-party defendants "had two choices: (1) file a motion or ex parte application for a court order requiring a meet and confer in the presence of a court reporter; or (2) proceed with the meet and confer without a court reporter. *Counsel could not simply forego the meet and confer and proceed to file a motion to compel.*" *Id.* at *2 (emphasis added). Here, although the situation is reversed, the principle is the same: a party's preference regarding a court reporter—pro or anti—does not excuse them from complying with the Court's meet-and-confer requirement. Plaintiff has not demonstrated the categorical impropriety of Defendant's use of a court reporter, and Defendant has not demonstrated its necessity. Absent any compelling argument on the matter, the Court will neither mandate nor forbid the use of a court reporter.

Accordingly, this request is DENIED.

**2.    Sanctions and Costs**

Fifth, Plaintiff seeks a court order that "[i]mpose[s] appropriate sanctions, including deeming objections waived for untimely responses, ordering that any unanswered Requests for Admission be deemed admitted, and awarding Plaintiff her reasonable expenses incurred in

ORDER ON MOTION TO COMPEL – 8

bringing this motion." Dkt. No. 131 at 2. As to sanctions, the Court has denied Plaintiff's requested relief, so sanctions against Defendant are not warranted.

As to costs, Rule 37 contemplates the awarding of costs where the "requested discovery is provided after the motion [to compel] was filed." Fed. R. Civ. P. 37(a)(5)(A). Plaintiff filed the instant motion to compel on November 17, 2025. Dkt. No. 131. Defendant asserts that, with respect to "Plaintiff's Second Interrogatories and Second, Third and Fourth Requests for Production," it "provided complete responses" on November 24, 2025. Dkt. No. 134 at 6. Defendant's responses were provided after the filing of the motion to compel, thus implicating Rule 37(a)(5)(A).

However, "the court must not order . . . [payment]" of reasonable expenses if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action." Fed. R. Civ. P. 37(a)(5)(A)(i). As discussed above, Plaintiff improperly chose to discontinue the Parties' efforts to meet and confer after determining herself that Defendant's court-reporter preference was unacceptable. Plaintiff asserts that the "breakdown in conferences result[ed] from SPS's unilateral attempt to 'weaponize' the meet-and-confer requirement by tying it to costly, extra-rules conditions." Dkt. No. 136 at 3. But the facts demonstrate that such a "breakdown" was not caused by Defendant's imposition of conditions on the conferences. Rather, the *direct* reason for the termination of the Parties' attempts to meet and confer was Plaintiff's unwillingness to abide those conditions, and her failure to seek the Court's intervention at that point. *See Ross*, 2013 WL 12638951, at *2–3.

The Court acknowledges that, prior to Plaintiff's abandonment of the process, the Parties were able to discuss the discovery issues in dispute at least once. *See* Dkt. No. 134 at 7 (referring to "conference that occurred on July 30, 2025"). Obviously, they did not resolve their differences at that meeting. But this failure could have—and should have—led to further meaningful

discussion. *See Dairy v. Harry Shelton Livestock, LLC*, No. C18-6357, 2020 WL 6269541, at *1 (N.D. Cal. Oct. 23, 2020) (stating that parties "must treat the [meet-and-confer] process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes" (citation modified)). The record indicates that Defendant was willing to continue the discussion, albeit with certain conditions placed on future conferences. Plaintiff, it appears, was not, and at that point proceeded to file the instant motion to compel. Under such circumstances, Defendant's provision of discovery after the filing of the instant motion does not warrant an award of costs. *See* Fed. R. Civ. P. 37(a)(5)(A)(i).

### III.   CONCLUSION

Accordingly, Plaintiff's motion to compel (Dkt. No. 131) is DENIED.

Dated this 6th day of April 2026.

Tana Lin
United States District Judge

ORDER ON MOTION TO COMPEL – 10