The Honorable Tana Lin
NOTED: May 22, 2026

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

ROSA MARIA CABRERA THOMPSON,

Plaintiff,

v.

SEATTLE PUBLIC SCHOOLS, a public school district of the State of Washington and WASHINGTON SCHOOLS RISK MANAGEMENT POOL, a public-school insurer of the State of Washington,,

Defendants.

No. 2:25-cv-00468-TL

DEFENDANT SEATTLE PUBLIC SCHOOLS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

## I. INTRODUCTION AND RELIEF REQUESTED

Plaintiff's proposed third amended complaint would substantially prejudice Seattle Public Schools (SPS) if permitted by the Court. Plaintiff has been dilatory in alleging new claims and is acting in bad faith by attempting to join parties from a related lawsuit here. In addition, some of the proposed claims would be futile. Based on the total of circumstances, Defendant respectfully requests the Court to deny Plaintiff's motion for leave to file a third amended complaint.

Plaintiff further failed to file a redlined proposed amended complaint, which is a basis for denial of her motion as well. In the event the Court agrees to consider Plaintiff's motion to amend, Defendant requests the Court require Plaintiff to file a redlined proposed



KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

third amended complaint and provide SPS an opportunity to respond to her motion with the benefit of the redlined pleading.

## II. FACTS

Plaintiff has held the same unsubstantiated and unproven conclusory theories of liability and facts since the beginning of her lawsuit against Seattle Public Schools (SPS) filed on March 11, 2025. For example, she brought claims of violation of due process, equal protection, discrimination under state and federal law, retaliation, violation of the Washington public records act, and breach of contract. *Dkt 1, p.2*. She alleged the only positions visible to her were principal positions, not assistant principal positions. *Id*, paragraph 51. She alleged SPS retaliated against her by rescinding her job offer and later failing to offer opportunities to interview for multiple open assistant principal positions in the District after learning of her protected activity. *Id*, *paragraphs 52-65, 78*. She alleged SPS was aware the had filed an EEOC complaint against the Mukilteo School District (MSD) and discriminated again her because of that protected activity. *Id*, *paragraphs 81*. She alleged SPS violated her due process rights by failing to provide reasons for denial of employment, an appeal process or an opportunity to correct misinformation from MSD. *Id*, *paragraph 88-89*.

On June 26, 2025, Plaintiff filed her first motion to disqualify counsel Shannon Ragonesi. *Dkt 76*. In it, she alleged an escalating pattern of unlawful retaliation, ethical misconduct and systemic abuse of public power. She alleged a multi-agency conspiracy to blacklist her. *Id*, *2:3-4; 11:4-5*. She alleged counsel had personal knowledge of Plaintiff's EEOC claims and mediation with MSD. *Id*, *2:11-12*. She alleged there was an impact on over 140 failed job applications across the state. *Id, 2:18-19*. She references alleged waiver of privilege under the crime-fraud exception. *Id*, *7:17118; 9:3-18*. She referenced a binding separation agreement between Plaintiff and MSD which barred post-resignation investigations. *Id*, *8:21-22*.



KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

Plaintiff filed a motion for leave to file a second amended complaint and proposed second amended complaint at *Dkt 96; 96-3*. Her proposed complaint properly contained highlights and strike throughs to enable the Court and Defendant to discern the proposed changes to the first amended complaint. In filing her motion for leave to file a third amended complaint, Plaintiff has submitted a proposed third amended complaint that is 115 pages in length with no highlights, strike-throughs or redlines. *Dkt 166-1*.

Plaintiff proposes to add 25 new identified defendants and 25 Does for a total of 50 potential new defendants to this lawsuit. *Dkt 166-1*. Of the identified proposed defendants, 8 are current or former SPS employees (Garmoe, Simeon, Pritchett, Hastings, Hart, Willingham, Lewis, Philbrook); 9 are believed to be Mukilteo School District (MSD) current or former employees (Neal, Shurtleff, Feaster, Dowd, Brynelson, Haggerty, Fraliegh, Kartchner, Barney); 4 are attorneys who represented one or more districts (Cerqui, Ragonesi, Fillipini, Stoner); 1 attorney investigator (Slosburg); and 3 law firms (K&L Gates, KBM, Stokes Lawrence).

Plaintiff has also moved for leave to file a third amended complaint in her related case of *Thompson v. MSD*, Case No. 2:25-cv-00529-JNW. *Dkt 273; 280*. A comparison of the two proposed third amended complaints in the related cases shows Plaintiff is alleging many of the same facts in both cases, pursuing many of the same claims in both cases, and is seeking much of the same damages in both cases. In the related case, she is alleged MSD engaged in a multi-actor campaign to destroy her career over a period exceeding 29 months, across more than 170 job applications at approximately 35 Washington state school districts in retaliation for engaging in protected activity. *Dkt 280, 1:22-2:2; 15:23-16:10; 28:16-30:3*. She is alleging the same conduct by Simone Neal, Krysta Slosburg, and Shannon Ragonesi that she alleges in this case. *Id*, *2:7-3:9*. She alleges all supervisory and policymaking decisions of MSD employees, administrators and retained counsel are attributable to MSD in the related case even as she attempts to bring suit against these individuals in the SPS case. *Id*, *4:13-17*. She alleges the same or similar facts against MSD



KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

in the related case that she is attempting to allege here as the basis for her claims of violation of the EEOC settlement agreement by the new prospective individual defendants. *Id*, *6:7-14:3*. This includes the same alleged conspiracy between Ms. Ragonesi, Ms. Neal and Dr. Hart; and same alleged conspiracy and coordination by WSRMP. *Id*. Plaintiff is seeking recovery for the same or similar alleged damages in the MSD related lawsuit as she is in the present case such as for the loss of temporary position with SPS. *Id*, *16:20-17:6; 34:1-17; 41:15-42:15*. She is bringing some of the same claims against MSD that she is proposing to add against new defendants in this case including breach of contract/EEOC settlement agreement/MSD separation agreement, retaliation under Title VII, tortious interference with business expectancy, First Amendment retaliation, and civil rights conspiracy. *Id*, *30:5-41:12*.

## III. EVIDENCE RELIED UPON

1. Cited docket references in this matter.
2. Docket references cited in the related matter of *Thompson v. MSD*, Case No. 2:25-cv-00529-JNW.

## IV. LEGAL ANALYSIS

A district court's denial of leave to amend is reviewed for an abuse of discretion, keeping in mind the strong policy in favor of allowing amendment, and considering four factors: bad faith, undue delay, prejudice to the opposing party, and the futility of amendment. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir.1987). However, "[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. International Ass'n of Machinists,* 781 F.2d 1393, 1398 (9th Cir.), *cert. denied,* 479 U.S. 816, 107 S.Ct. 73, 93 L.Ed.2d 29 (1986). "The district court's discretion to deny leave to amend is particularly broad where a [petitioner] previously has amended the complaint." *DCD Programs,* 833 F.2d at 186 n. 3 (quoting *Mir v. Fosburg,* 646 F.2d 342, 347 (9th Cir.1980). Ultimately, prejudice is the critical factor in



KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

considering motions for leave to amend. *Howey v. U.S.,* 481 F.2d 1187, 1190 (9th Cir.1973). The party opposing the amendment bears the burden of showing prejudice. *See DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 190 (9th Cir.1987).

**A. Plaintiff failed to comply with LCR 15(a), therefore her motion to file a third amended complaint should be denied**.

LCR 15(a) requires a party moving for leave to amend a complaint to attach a proposed amended pleading as an exhibit to the motion; and indicate how it differs from the pleading it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added. Plaintiff is well aware of this requirement as she met the requirement when filing her motion for leave to file her second amended complaint. Her failure to comply with the rule here has made it extremely laborious for Defendant and the Court to be able to effectively respond to the specific new allegations and claims in her proposed complaint, particularly in the short timeframe allowed for a response. The fact that her proposed complaint is 115 pages and adds up to 50 new defendants further compounds the problem and significantly prejudices Defendant from being able to respond substantively to the specific allegations and proposals. As such, her motion should be denied.

In the event the Court agrees to consider Plaintiff's motion to amend, Defendant requests the Court require Plaintiff to file a redlined proposed third amended complaint and provide SPS an opportunity to respond to her motion with the benefit of the redlined pleading.

**B. Plaintiff has already amended her complaint twice in this case.**

The crux of Plaintiff's theories of liability and conspiracy have been known to her from the beginning of her case. She has alleged all along that SPS had knowledge from MSD of her discrimination complaints and retaliated against her by denying her employment. She has sought to add additional factual detail and individual defendants through her proposed amended complaint, but the basic theory remains the same.



KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

In fact, by June 2025, just a few months after filing her original complaint, Plaintiff had developed her additional theories of a state-wide expansive conspiracy to deprive her of employment against the two school districts, their self-insured risk pool, and the various attorneys, law firms and individual employees she now seeks to add as defendants. Yet, she waited nearly a year before moving to amend her complaint to add the 50 new defendants she seeks to add now. She was dilatory in seeking this amendment.

**C. SPS will be substantially financially burdened by Plaintiff's compounding of claims and defendants in this case.**

Pursuant to RCW 4.96.041, local governmental entities such as SPS must provide a defense and indemnification in civil suits brought alleging against their employees who were acting in the scope of employment. Here, Plaintiff seeks to add 8 new SPS individual defendants for whom SPS will have to pay a legal defense. This means 8 times the legal defense costs in responding to this lawsuit and new legal counsel will need to be secured. In addition, the vast number of defendants will result in greatly increased motion practice (for example, motions for summary judgment and discovery related motions).

In opposing SPS's motion for protection order, Plaintiff represented, "Each witness is sought for unique, non-overlapping factual knowledge relevant to the case in which the deposition is noticed." *Dkt 139 at 14*. In its Order, the Court found the assertion that Plaintiff was not seeking duplicative testimony to be overstated. *Dkt 158, 5:17-24*. However, the court nevertheless denied SPS's motion for protection from duplicative depositions because Plaintiff was involved in two lawsuits and the Court in the MSD case did not coordinate discovery. With the pending motions to file third amended complaints in both cases, it is now difficult to tell where one lawsuit ends and the other one begins. They are entirely overlapping and seek the same relief from the same alleged damages in both cases. SPS will have to pay for representation and defense of its witnesses in having to respond to Plaintiff's double discovery in the two cases on the same core set of facts.



KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

**D. Plaintiff cannot collect double payment against defendants.**

The one satisfaction rule reflects the equitable principle that a plaintiff who has received full satisfaction of its claims from one tortfeasor generally cannot sue to recover additional damages corresponding to the same injury from the remaining tortfeasors. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 348, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971) (the law does not permit a plaintiff to recover double payment). A corollary principle of the one satisfaction rule is that "payment made by a joint tortfeasor diminishes the claim against the remaining tortfeasors." *Seymour v. Summa Vista Cinema, Inc.,* 809 F.2d 1385, 1389–90 (9th Cir.1987).

Here, Plaintiff seeks to recover the same damages from SPS and the prospective new defendants that she is seeking to recover in her MSD related lawsuit. This is not permitted under the law, thus her motion to file her third amended complaint should be denied.

**E. Plaintiff's state law claims against new prospective defendants are futile.**

Pursuant to RCW 4.96.020, Plaintiff was required to file a tort claim for damages against each and every public employee she seeks to join in this lawsuit as a condition precedent before filing suit. The statute requiring pre-suit notice to the government applies to employees acting within the scope of employment but being sued in their individual capacity. *Hanson v. Carmona*, 1 Wash. 3d 362, 372, 525 P.3d 940, 945 (2023). Here, Plaintiff did not file a pre-suit tort claim for damages against any of the SPS employees or MSD employees. She also does not allege she did so in her proposed third amended complaint. As such, her statement law claims against the governmental employees will be subject to dismissal as a matter of law. This makes her state claims of tortious interference with business expectancy, fraud and fraudulent concealment, defamation, negligent supervision, aiding and abetting and invasion of privacy futile as to all public employees.



KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

**F. Plaintiff is attempting to amend to add parties and claims that belong in her related case against MSD.**

The Court previously found that Plaintiff's allegation that MSD violated the terms of the EEOC settlement agreement is one of her claims in the other pending case – and noted allegations related to that claim belong in that case, not this one. *Dkt 156, 6:18-7:20*. The same still applies. Plaintiff is attempting to join multiple new MSD individual defendants, attorneys, witnesses and law firms that were allegedly involved in providing reference checks for her and allegedly violating the EEOC settlement agreement with MSD. Her two federal lawsuit now significantly overlap. There is no valid reason for naming MSD employees as individual defendants in the SPS lawsuit but not in the MSD lawsuit.

SPS can deduce that Plaintiff is likely attempting to add the MSD individual defendants into the SPS because the Court in her related case has cautioned her that the deadline for joining additional parties in that case expired on September 19, 2025, modification of the case schedule requires a showing of good cause under Rule 16(b)(4), and "any refiled motion [to join additional parties] will need to clear that bar." *Thompson v. MSD*, Case No. 2:25-cv-00529-JNW, *Dkt 258, 6:1-4*. Plaintiff is therefore trying to add the MSD defendants into the SPS case instead. Attempting to avoid the civil rules and legal standards indicates bad faith in prosecuting her cases.

**G. Plaintiff's proposed new claims are still deficient.**

1. Breach of contract (against WSRMP, KBM, K&L Gates, Mark Filipini, Shelby Stoner, Stephen Shurtleff and Shannon Ragonesi).

Plaintiff still fails to allege in the proposed third amended complaint that any of these defendants were a party to the EEOC settlement agreement. *Dkt 166-1, 3:1-4; 15:18-19*. As such, there is no enforceable legal contract between Plaintiff these proposed defendants and no cause of action for breach of such contract. See, *Dkt 156, 5:10-22*.

Plaintiff proposes the individual defendants would have liability under an agency and ratification theory. *Dkt 166-1, 53:1-17*. However, at best, an agency or ratification theory might support liability on the principal for breach of the contract, not the individuals.



KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

Seavy on Agency states that an agency is a consensual relation between two persons created by law by which a principal has a right to control the conduct of the agent and the agent has a power to affect the legal relations of the principal. W. Seavy on Agency s 3 (1964). *Moss v. Vadman*, 77 Wash. 2d 396, 403, 463 P.2d 159, 164 (1969). The case law she cites, without any pinpoint cites, does not support her theory of liability. See, *Chem. Bank v. Washington Pub. Power Supply Sys.,* 102 Wash. 2d 874, 896, 691 P.2d 524, 537 (1984), addressing ratification by legislation.

2. <u>Procedural and substantive due process claims</u>.

In the area of public employment, the Court has held public employees have interests in continued employment that are safeguarded by due process. *The Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 576–77, 92 S. Ct. 2701, 2709, 33 L. Ed. 2d 548 (1972). Certain attributes of 'property' interests protected by procedural due process emerge from these decisions. To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. *Id*. He must have more than a unilateral expectation of it. *Id*. He must, instead, have a legitimate claim of entitlement to it. *Id*.

Plaintiff alleges she had a property interest in the ability to be in an applicant pool for assistant principal positions. However, she does not allege all applicants in the pool receive employment at SPS; or even that they have a constitutionally protected interest in employment merely because they are in the applicant pool. These claims still fail.

## V. CONCLUSION

For the foregoing reasons, Defendant SPS respectfully requests the Court to deny Plaintiff's motion to file a third amended complaint. In the event the Court agrees to consider Plaintiff's motion to amend, Defendant requests the Court require Plaintiff to file a redlined proposed third amended complaint and provide SPS an opportunity to respond to her motion with the benefit of the redlined pleading.

//

//



KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

I certify that this memorandum contains 2,840 words, in compliance with the Local Civil Rules.

DATED: May 15, 2026

KEATING, BUCKLIN & McCORMACK, INC., P.S.

By: */s/ Shannon M. Ragonesi*
Shannon M. Ragonesi, WSBA #31951
Attorney for Defendant Seattle Public Schools

1201 Third Avenue, Suite 1580
Seattle, Washington 98101
Phone: (206) 623-8861
Fax: (206) 223-9423
Email: sragonesi@kbmlawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Pro Se Plaintiff**

Rosa M. Cabrera Thompson
P.O. Box 275
Maple Valley, WA 98038
Phone: (832) 238-1534
Email: rosathompson09@hotmail.com

DATED: May 15, 2026

*/s/ Shannon M. Ragonesi*
Shannon M. Ragonesi, WSBA #31951
Email: sragonesi@kbmlawyers.com