Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

ROSA MARIA CABRERA THOMPSON,

Plaintiff(s),

v.

SEATTLE PUBLIC SCHOOLS, a public school district of the State of Washington; WASHINGTON SCHOOLS RISK MANAGEMENT POOL, a public-school insurer; MISA GARMOE, individually; JOHN CERQUI, individually; LIBBY SIMEON, individually; SARAH J. PRITCHETT, individually; AYRIAN L. HASTINGS, individually; TARANCE HART, individually; SHARONDA WILLINGHAM, individually; SHANNON RAGONESI, individually; SIMONE NEAL, individually; STEPHEN SHURTLEFF, individually; MARK FILIPINI, individually; SHELBY STONER, individually; KRISTA SLOSBURG, individually; ANN FEASTER, individually ALISON BRYNELSON, individually PATTY DOWD, individually; K&L GATES LLP; KEATING BUCKLIN & MCCORMACK; STOKES LAWRENCE and DOES 1 through 25, inclusive,

Defendant(s).

CASE NO. 2:25-cv-00468-TL

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT; AND MOTION TO STRIKE DEFENDANT'S UNTIMELY RESPONSE**

Noting Date: May 22, 2026


Rosa Maria Cabrera Thompson, P.O. Box 275, Maple Valley, WA 98038

Honorable Tana Lin

Defendant Seattle Public Schools' opposition (Dkt. 169) is procedurally defective on its face: it was filed on May 15, 2026—one day after the May 14, 2026, response deadline. Plaintiff moves to strike the response as untimely under LCR 7(d)(2) and Fed. R. Civ. P. 6.

Even if the Court considers SPS's untimely response on the merits, it fails. SPS's opposition proceeds from a fundamentally flawed premise: that this is an ordinary amendment request to be weighed against the Foman factors in the usual way. It is not. This Court's March 31, 2026 Order (Dkt. 156) expressly instructed Plaintiff to file a motion for leave to file a Third Amended Complaint (TAC) and authorized the joinder of additional parties. Plaintiff complied precisely and timely. SPS is asking this Court to undo its own directive—a posture that is both legally untenable and procedurally improper.

Beyond that threshold defect, each of SPS's remaining arguments fails independently. SPS invokes a procedural rule while demonstrating in its own filing that it suffered no prejudice; mischaracterizes the one satisfaction rule as a pleading-stage bar when it is a damages-phase doctrine; asserts a pre-suit tort claim deficiency that this Court has already resolved in Plaintiff's favor and misapplies that requirement to private parties who are categorically exempt from it; and speculates about bad faith while ignoring the documented evidentiary record. Most conspicuously, SPS's opposition is signed by Shannon Ragonesi—herself a named defendant in the very TAC she urges the Court to reject.

## II. MOTION TO STRIKE: DEFENDANT'S RESPONSE IS UNTIMELY

Plaintiff's Motion for Leave to File a Third Amended Complaint was filed on April 30, 2026 and noted for May 22, 2026. Under Local Civil Rule 7(d)(2), response briefs for non-dispositive motions noted on the third or fourth Friday are due no later than fourteen (14)


Rosa Maria Cabrera Thompson, P.O. Box 275, Maple Valley, WA 98038

calendar days after the motion is filed. April 30, 2026 + 14 days = May 14, 2026. The response deadline was therefore May 14, 2026.

SPS filed its opposition on May 15, 2026—one day late. See Dkt. 169 (filed May 15, 2026). SPS did not move for an extension of time, did not seek leave to file late, and did not offer any explanation for the tardiness. The filing is therefore untimely.

Under Fed. R. Civ. P. 6(b)(1)(B), a court may grant an extension of time after the deadline only upon a showing of "excusable neglect." SPS has made no such showing. Under LCR 7(d)(2), an untimely response may be stricken. Plaintiff respectfully moves this Court to strike Dkt. 169 as untimely filed. In the event the Court declines to strike the response, Plaintiff submits this Reply on the merits.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), courts "should freely give leave when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit applies this standard with "extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). Leave should be denied only upon a clear showing of undue delay, bad faith, futility, or substantial prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). The party opposing amendment bears the burden of demonstrating prejudice. Id. at 190. SPS has not met that burden.

## IV. ARGUMENT

### A. This Motion Is Expressly Authorized by the Court and SPS Cannot Oppose What the Court Has Already Permitted


Rosa Maria Cabrera Thompson, P.O. Box 275, Maple Valley, WA 98038

SPS's opposition rests on the premise that leave to amend is discretionary. But the Court's March 31, 2026 Order (Dkt. 156) is dispositive on that threshold question. The Court expressly stated:

> "Should Plaintiff wish to amend her complaint to include claims denied by the Court… she SHALL file a motion for leave to amend… along with a proposed third amended complaint… no later than April 30, 2026."

Dkt. 156 (emphasis added). The Court issued a mandatory directive—using the word "shall"—authorizing Plaintiff to pursue a Third Amended Complaint including newly joined parties. Plaintiff filed her motion and proposed TAC on April 30, 2026, in full and timely compliance. SPS's opposition, filed without seeking reconsideration of Dkt. 156, is effectively asking this Court to nullify its own prior Order. That is procedurally improper. The motion should be granted on this basis alone.

**B. SPS Demonstrates Its Own Lack of Prejudice by Filing an 11-Page Substantive Opposition**

SPS's primary procedural argument is that Plaintiff failed to provide a redlined TAC under LCR 15(a), and that this "significantly prejudiced" SPS from responding. Dkt. 169, p. 5. This argument is refuted by SPS's own filing.

SPS filed an 11-page opposition that: (1) identifies by name all 25 proposed new defendants and categorizes them by employment affiliation; (2) cross-references specific page-and-line citations from the proposed TAC (e.g., Dkt. 166-1, 3:1-4; 15:18-19; 53:1-17); (3) analyzes specific legal theories including breach of contract, agency/ratification, and procedural due process; (4) compares the TAC in this case with the previous amended complaint; and (5) advances seven distinct legal arguments. Dkt. 169, pp. 1-9.



Rosa Maria Cabrera Thompson, P.O. Box 275, Maple Valley, WA 98038

A party that is "significantly prejudiced" and finds the opposing filing "extremely laborious" does not produce a detailed, docket-specific, 11-page legal brief addressing every material element of the proposed complaint. SPS's own filing conclusively disproves its claimed prejudice.

The Ninth Circuit holds that the proper remedy for an LCR 15(a) deficiency, if any, is an order to file a compliant redlined version—not denial. See *Breier v. N. Cal. Bowling Proprietors' Ass'n,* 316 F.2d 787, 789-90 (9th Cir. 1963). SPS itself concedes this is an acceptable alternative remedy. Dkt. 169, p. 5. Plaintiff has filed a redlined version that is now on the docket.

**C. Plaintiff Was Not Dilatory—She Filed on the Court-Ordered Deadline**

SPS argues that Plaintiff was "dilatory" because she "developed her additional theories" by June 2025 but waited "nearly a year" to amend. Dkt. 169, p. 6. This characterization is both factually inaccurate and legally inapplicable.

Plaintiff's motion was filed on April 30, 2026—the precise deadline established by the Court's March 31, 2026, Order. A party who files on the court-ordered deadline cannot be characterized as dilatory. The "nearly a year" framing ignores the intervening procedural history entirely: a prior motion to amend was filed, briefed, and decided, and the Court then authorized the TAC motion and set the April 30 deadline. The dilatory-amendment doctrine applies where a plaintiff sits on known theories without court direction. See *Acri v. Int'l Ass'n of Machinists*, 781 F.2d 1393, 1398 (9th Cir. 1986). It has no application here.

**D. The One Satisfaction Rule Is a Damages-Phase Doctrine, Not a Pleading Bar**



Rosa Maria Cabrera Thompson, P.O. Box 275, Maple Valley, WA 98038

SPS invokes the "one satisfaction rule" to argue that Plaintiff cannot seek the same damages in both cases. Dkt. 169, pp. 6-7 (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 348 (1971)). This argument confuses the pleading stage with the remedies stage. The one satisfaction rule is a damages-phase doctrine that prevents a plaintiff from collecting duplicative compensation after judgment. It does not restrict a plaintiff from pursuing parallel claims against different defendants in separate proceedings—particularly where the claims arise from distinct acts by different actors causing both overlapping and distinct injuries. Plaintiff's claims against SPS arise from SPS's independent wrongful acts: the revocation of an accepted job offer on December 7, 2023; the April 4, 2024 written directive by SPS Executive Director Misa Garmoe explicitly flagging Plaintiff's NEOGOV and SAP profiles in connection with her EEOC complaint; and SPS employees' entries in WSRMP's Origami Risk system. *Zenith Radio* involved post-liability damages calculation—not amendment. Any concern about duplicative recovery can be addressed at trial through jury instructions or a damages-offset order.

**<u>E. SPS's Pre-Suit Tort Claim Argument Fails on Three Independent Grounds</u>**

SPS argues that Plaintiff failed to file a pre-suit tort claim under RCW 4.96.020 against the proposed individual defendants, rendering all state law claims "futile." Dkt. 169, pp. 7-8 (citing *Hanson v. Carmona, 1 Wash*. 3d 362, 372, 525 P.3d 940 (2023)). This argument fails on three independent grounds.

First, this Court has already ruled on this question. The TAC expressly notes—consistent with Dkt. 156, pp. 15-16—that "this Court confirmed... that Plaintiff's tort claim satisfied her statutory obligation under RCW 4.96.020." Proposed TAC, ¶ 11. SPS asks this Court to overrule


Rosa Maria Cabrera Thompson, P.O. Box 275, Maple Valley, WA 98038

Honorable Tana Lin

itself without filing a motion for reconsideration. That is not a proper basis for opposing amendment.

Second, the RCW 4.96.020 pre-suit notice requirement categorically does not apply to private parties. The statute provides: "All claims against a local governmental entity for damages arising out of tortious conduct must be presented to and filed with the chief administrative officer of the entity." RCW 4.96.020(1) (emphasis added). "Local governmental entity" is defined in RCW 4.96.010 to mean counties, cities, towns, special districts, municipal corporations, and quasi-municipal corporations organized under the laws of the State of Washington. Private law firms and private attorneys are not local governmental entities. They have no chief administrative officer to receive a statutory tort claim. They are simply not within the statute's scope.

The proposed TAC names three private law firms—K&L Gates LLP, Keating Bucklin & McCormack (KBM), and Stokes Lawrence—and private attorneys Mark Filipini, Shelby Stoner, Shannon Ragonesi, and Krista Slosburg (an attorney investigator), each sued in their individual private capacities. RCW 4.96.020 imposes no pre-suit obligation with respect to any of these parties. See *Hanson v. Carmona*, 1 Wash. 3d at 372 (discussing the obligation only as applied to "government employee[s]" acting within the scope of public employment). The statute SPS invokes simply does not reach private counsel or private firms. SPS's reliance on RCW 4.96.020 as a basis for rejecting claims against these private defendants is legally baseless.

Third, with respect to the individual public employee defendants (current and former employees of SPS and MSD), Plaintiff has served tort claim letters and Standard Tort Claim Forms on each such defendant via United States Postal Service. These mailings provide the required notice under RCW 4.96.020. Plaintiff has satisfied or is actively satisfying the pre-suit notice requirement as to each public employee defendant for whom it applies.


Rosa Maria Cabrera Thompson, P.O. Box 275, Maple Valley, WA 98038

Finally, even if there were a pre-suit notice deficiency as to any particular public employee defendant, that would be a grounds for dismissal of a specific state tort claim at the Rule 12(b)(6) stage—not a basis for denial of leave to amend the complaint in its entirety. Courts do not deny amendment because a subset of state law claims may face a procedural defense. See *DCD Programs*, 833 F.2d at 186.

**F. SPS's Bad Faith Accusation Is Speculation Contradicted by the Evidentiary Record**

SPS speculates that Plaintiff adds MSD-affiliated individual defendants here to circumvent the expired joinder deadline in the MSD case. Dkt. 169, p. 8. This theory is factually wrong and legally baseless.

The reason MSD employees are named in this case is documented in the proposed TAC with timestamped specificity: on November 29, 2023, Shannon Ragonesi placed a voicemail to MSD HR Executive Director Simone Neal, initiating the reference interference chain that culminated in the rescission of Plaintiff's accepted SPS employment nine days later. Neal, Shurtleff, Brynelson, and Dowd are named here because their conduct directly caused the SPS harm. They belong as defendants in this case regardless of their primary employer.

SPS's bad faith theory also ignores that the Court expressly authorized the joinder of additional parties in Dkt. 156. Characterizing court-authorized conduct as "bad faith" inverts the procedural record.

**G. SPS's Specific Claim-Deficiency Arguments Are Premature and Legally Incorrect**

SPS raises two substantive arguments about specific claims. Both fail.



Rosa Maria Cabrera Thompson, P.O. Box 275, Maple Valley, WA 98038

First, on breach of contract: SPS argues that non-parties to the EEOC settlement agreement cannot be sued for breach. Dkt. 169, p. 8. But the TAC pleads liability under theories of civil conspiracy, aiding and abetting breach of contract, and tortious interference with contract—all of which impose liability on non-signatories who knowingly assist in or interfere with another party's contractual obligations. See *Newton Ins. Agency & Brokerage, Inc. v. Caledonian Ins. Grp., Inc*., 114 Wash. App. 151, 160 (2002). SPS's narrow privity analysis does not address these alternative theories.

Second, on due process: SPS argues Plaintiff has no property interest in the applicant pool. Dkt. 169, p. 9. But Plaintiff's claim is not merely about pool access. The TAC alleges that SPS formally offered Plaintiff an assistant principal position at Garfield High School on November 20, 2023, that Plaintiff accepted, and that SPS revoked the accepted employment on December 7, 2023. An accepted employment offer presents a materially different property interest analysis than a unilateral expectation of future hiring. See *Perry v. Sindermann*, 408 U.S. 593, 601 (1972). This factual and legal question is inappropriate for resolution at the amendment stage.

**<u>H. The Court Should Note That Defense Counsel Is a Named Defendant in the Proposed TAC</u>**

SPS’s opposition is signed by Shannon M. Ragonesi of Keating, Bucklin & McCormack. Ms. Ragonesi is herself a named defendant in the proposed Third Amended Complaint (“TAC”), sued in her individual capacity for her alleged role in initiating the chain of reference interference beginning on November 29, 2023; for participating in and facilitating the funding, through her law firm and insurer relationship, of an investigation report that Plaintiff alleges was


Rosa Maria Cabrera Thompson, P.O. Box 275, Maple Valley, WA 98038

Honorable Tana Lin

contractually barred under the parties' separation agreement; for expressing an intent to use that report for retaliatory purposes, as reflected in communications presently filed under seal in this Court's docket; for serving as a conduit in the transmission and use of that report in submissions later made to the EEOC by Mark Filipini and Shelby Stoner; and for simultaneously representing both Seattle Public Schools ("SPS") and Mukilteo School District ("MSD") through the Washington Schools Risk Management Pool ("WSRMP") relationship, which Plaintiff alleges created a direct conflict of interest once Ms. Ragonesi began making inquiries into Plaintiff's resignation circumstances approximately forty-three (43) days after Plaintiff's resignation and EEOC-protected activity. See Proposed TAC ¶¶ 21, 52, 56.

Plaintiff does not waive any argument based on this conflict and respectfully brings it to the Court's attention. Ms. Ragonesi's personal interest in defeating the TAC—which would formally make her a party to this lawsuit—is adverse to SPS's institutional interest in obtaining neutral legal analysis of the amendment motion. The Court may wish to consider this dynamic in evaluating the credibility and motivation of SPS's arguments against amendment.

## V. PROCEDURAL MATTERS: ERRORS PLAINTIFF WILL CURE

To the extent the Court finds the absence of a redlined TAC procedurally deficient under LCR 15(a), Plaintiff has filed a redlined version and cured the issue. The structural reorganization required by Dkt. 156—adding new counts, restructuring the defendant section, and incorporating deposition evidence—made strict line-by-line redlining of the prior complaint unwieldy.


Rosa Maria Cabrera Thompson, P.O. Box 275, Maple Valley, WA 98038

Plaintiff also notes that the caption of the proposed TAC and concurrent motion contains a typographical error: the Court is referred to as "Honorable Tan Lin" rather than "Honorable Tana Lin." Plaintiff apologizes to the Court for this error and will correct it in any refiling.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. STRIKE Defendant's response (Dkt. 169) as untimely filed on May 15, 2026, one day after the May 14, 2026, response deadline;
2. GRANT Plaintiff leave to file the proposed Third Amended Complaint;
3. To the extent the Court determines that any state-law tort claims against newly added public employee defendants require compliance with Washington's pre-suit tort claim presentment statutes, permit Plaintiff to cure any procedural defect through supplemental filing, amendment, abatement, or other relief deemed appropriate by the Court rather than dismissal with prejudice, consistent with the liberal amendment standards of FRCP 15 and the preference for resolving claims on their merits;
4. GRANT such other and further relief as the Court deems just and proper.

DATED: May 19, 2026

Respectfully submitted,

/s/ Rosa Maria Cabrera Thompson
Rosa Maria Cabrera Thompson
Pro Se Plaintiff
P.O. Box 275
Maple Valley, WA 98038
Rosathompson09@hotmail.com
(832) 238-1534

Honorable Tana Lin

## CERTIFICATE OF WORD COUNT

Pursuant to Local Civil Rule 7(e), I certify that this memorandum contains approximately 2853 words.


Rosa Maria Cabrera Thompson, P.O. Box 275, Maple Valley, WA 98038

Honorable Tana Lin

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

/s/ Rosa Maria Cabrera Thompson
Rosa Maria Cabrera Thompson
Pro Se Plaintiff
P.O. Box 275
Maple Valley, WA 98038
Rosathompson09@hotmail.com
(832) 238-1534