The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

ROSA MARIA CABRERA THOMPSON,

Plaintiff,

vs.

SEATTLE PUBLIC SCHOOLS, a public school district of the State of Washington; WASHINGTON SCHOOLS RISK MANAGEMENT POOL, a public-school insurer; MISA GARMOE, individually; JOHN CERQUI, individually; LIBBY SIMEON, individually; SARAH J. PRITCHETT, individually; AYRIAN L. HASTINGS, individually; TARANCE HART, individually; SHARONDA WILLINGHAM, individually; SHANNON RAGONESI, individually; SIMONE NEAL, individually; STEPHEN SHURTLEFF, individually; MARK FILIPINI, individually; SHELBY STONER, individually; KRISTA SLOSBURG, individually; ANN FEASTER, individually ALISON BRYNELSON, individually PATTY DOWD, individually; K&L GATES LLP; KEATING BUCKLIN & MCCORMACK; STOKES LAWRENCE and DOES 1 through 25, inclusive,

Defendants.

No. 2:25-CV-00468-TL

**DEFENDANT WASHINGTON SCHOOLS RISK MANAGEMENT POOL'S OPPOSITION TO THE PLAINTIFF'S NOTICE OF DEFAULT AND REQUEST FOR DEFAULT ENTRY**



**TYSON & MENDES, LLP**
600 Stewart Street, Suite 1500
Seattle, WA 98101
TEL: (206) 420-4267
FAX: (206) 420-4375

COMES NOW THE DEFENDANT, by and through their attorneys of record, opposing the Plaintiff's Notice of Default and Request for Default Entry signed by Plaintiff's on June 8, 2026 and requesting the Court deny said Notice and Request for the reasons contained herein.

**FACTS**

1. On June 8, 2026, Plaintiff filed a Notice of Default and Request for Default Entry ("Notice and Request") against Defendant Washington State Risk Management Pool ("WSRMP"). *See, Dkt. 177.*

2. Plaintiff alleges in this Notice and Request that she is entitled to a Default Entry by the Clerk, as WSRMP has failed to plead or otherwise defend itself in this matter pursuant to Federal Rule of Civil Procedure 55(a). *Id.*

3. Plaintiff alleges that WSRMP was served with the Summons and Complaint, and service was effected on May 14, 2026. *Id.* [1]

4. Plaintiff alleges that WSRMP's Answer to the Complaint was due on June 4, 2026. *Id.*

5. Plaintiff attached as Exhibit 1 to their Notice and Request purported proof of service as evidence of service on WSRMP of the Summons and Complaint *Id. at Exhibit 1*.

[1] Plaintiff does not specify in her Notice and Request for Default, which Complaint she is alleging to have been served, as she has filed and/or sought leave to file several Amended Complaints. However, for the purposes of this response only, and while not waving any defenses, WSRMP acknowledges it was not a named party until the Second Amended Complaint and any reference to the Summons and Complaint is referring to the Second Amended Complaint, filed by Plaintiff on April 17, 2026, per Dkt. 164. With purported service not occurring until almost a month later, and after Plaintiff sought leave to file a Third Amended Complaint on April 20, 2026 per Dkt. 166.



**TYSON & MENDES, LLP**
600 Stewart Street, Suite 1500
Seattle, WA 98101
TEL: (206) 420-4267
FAX: (206) 420-4375

6. WSRMP is a joint self-insurance program, comprised of local governmental entities-specifically state public school districts, formed pursuant to Washington state law. *See, Defendant Exhibit 1, Declaration of Alexis Foster, Exhibit A.*

7. Plaintiff did not properly or sufficiently effectuate service on WSRMP of the Summons and Complaint as alleged in Plaintiff's Notice of Default and Request for Default Entry and its accompanying exhibits.

8. Plaintiff or their representative slid the Summons and Complaint under the locked door of the offices of WSRMP, after being advised by WSRMP staff that they did not have the authority to accept service on behalf of the agency. *See, Defendant WSRMP Exhibit 2, Declaration of Kenneth Curtis, Director of IT/IS WSRMP.*

9. The Plaintiff's purported proof of service was not filed separately with the Court and was not presented to the Court until it was attached as Exhibit 1 to the Plaintiff's Notice and Request. *See Dkt. 177.*

10. WSRMP was not served with a copy of the Notice and Request for Default.

11. Despite the failure to properly serve WSRMP, counsel for WSRMP appeared in this matter on June 8, 2026, upon discovery that Plaintiff had filed the Notice and Request for Default.[2]

12. After appearing in this matter, and in response to correspondence from Plaintiff, counsel for WSRMP requested that the Plaintiff withdraw her request as there had now been an

---

[2] WSRMP also contends that not only was service improper, but so was the joinder of WSRMP in this matter. Both of which will be subject of a separate motion to be brought before the Court.



**TYSON & MENDES, LLP**
600 Stewart Street, Suite 1500
Seattle, WA 98101
TEL: (206) 420-4267
FAX: (206) 420-4375

appearance made, to which Plaintiff has not responded to, as of the time of this filing. *See, Foster Decl., Exhibit B.*

## **AUTHORITY**

Federal Rule of Civil Procedure 55(a) provides for the clerk to enter default of a party when a party has failed to plead or otherwise defend in an action, and the failure is shown by affidavit or otherwise. In order for the clerk to enter the default, it must be made on the plaintiff's request, only if the plaintiff's claim is "…for a sum certain or a sum that can be made certain by computation…", and the plaintiff must provide an affidavit showing the amount due. FRCP 55(b)(1). Should the plaintiff's claim not be for a sum certain or a sum that can be made certain, the Plaintiff must apply to the Court for a default judgment. FRCP 55(b)(2).

Use of defaults serve to protect diligent parties who have acted expeditiously and in accordance with the rules of the court. *Chandler Leasing Corp. v. UCC, Inc.*, 91 F.R.D. 81, 83 (N.D. Ill. 1981). Entry of default are not looked upon favorably by the courts, are drastic remedies, and should only be resorted to in extreme situations, such as when the adversary process has been halted because of an unresponsive party. *Residential Reroofing Union Local 30-B of United Slate, Tile & Composition Roofers, Damp & Waterproof Workers' Ass'n, AFL-CIO v. Mezicco*, 55 F.R.D. 516, 517 (E.D. Pa. 1972); *Hutton v. Fisher*, 359 F.2d 913 (3rd Cir. 1966); *Hughes v. Holland*, 116 U.S.App..D.C. 59, 320 F.2d 781 (1963).

A party has no obligation to plead until properly served. Therefore, to obtain entry of default, the Plaintiff must have properly served the defendant with a copy of the summons and complaint. *See, Rankel v. Town of Greenburgh*, S.D.N.Y.1987, 117 F.R.D. 50; *First American*



**TYSON & MENDES, LLP**
600 Stewart Street, Suite 1500
Seattle, WA 98101
TEL: (206) 420-4267
FAX: (206) 420-4375

*Bank, N. A. v. United Equity Corp.,* D.C.D.C.1981, 89 F.R.D. 81, *Fisher v. Lynch*, D.Kan.2008, 531 F.Supp.2d 1253.

FRCP 4 governs original service of process and provides that service of a state, municipal corporation, or other state-created governmental organization must be made by either "…(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."

Washington State law provides that local governmental entities may form a joint self-insurance program, made under 39.34 RCW- the Interlocal Cooperation Act. RCW 48.62.031. The state risk manager is the appointed attorney for service of process for all joint self-insurance programs and is the individual who must be served for sufficient and proper service of said entities. RCW 48.62.031(6).

FRCP 4(l)(1) further requires that an affidavit proving service of the Summons and Complaint must be filed with the Court.

## ARGUMENT

Plaintiff is not entitled to entry of default against WSRMP, as Plaintiff failed to properly serve WSRMP pursuant to court rule and state law.

WSRMP is a governmental entity. This requires the Plaintiff to serve the summons and complaint upon the Washington State Risk Manager pursuant to state law and court rule. In this case, the Plaintiff did not serve the State Risk Manager, even though the process server was informed that service of process could not be accepted by the WSRMP staff. Instead, the process server chose to slide the summons and complaint under the closed and locked door of the



**TYSON & MENDES, LLP**
600 Stewart Street, Suite 1500
Seattle, WA 98101
TEL: (206) 420-4267
FAX: (206) 420-4375

WSRMP offices, after being told that service could not be accepted there, and after WSRMP staff left the area and the sight of the process server.

As a result of this improper service, WSRMP had no obligation to appear or respond to the summons and complaint, and, therefore, no entry of default may be granted.

Moreover, while not waiving any defenses, even if service was properly effectuated, the Plaintiff's requested entry of default by the Clerk pursuant to FRCP 55(a) is not warranted. The claim in this case is not for a sum certain, nor is it for a sum that can be reasonably calculated. Further, the Plaintiff has provided no affidavit showing the amount due as required under court rule. Accordingly, under FRCP 55(a) entry of default is barred.

Finally, again without waiving any defenses, even if service was proper, and the Plaintiff could proceed under FRCP 55, it would still be inappropriate to enter the default against WSRMP. Entry of a default would be a drastic remedy granted to a Plaintiff who has not acted diligently or complied with the rules of the Court and potentially is knowingly acting in bad faith by bringing this Notice and Request.

The Plaintiff did not file an affidavit proving service as required by FRCP (l)(1). Instead, Plaintiff waited 25 days from the time of the alleged service to attach the purported affidavit of service to her Notice and Request as an exhibit. Further, as attached to the Notice and Request, it gives the appearance that it was filed as Document 168 in the docket and filed on May 14, 2026-the same date as the alleged service. However, upon a closer review of the docket, Document 168 is the Summons issued and filed by the Clerk on May 14, 2026, and the attached Exhibit 1 is simply page 2 of that Summons, with the process servers' notations and signature. If the Plaintiff was attempting to avoid any confusion, she simply could, and should, have attached a complete



**TYSON & MENDES, LLP**
600 Stewart Street, Suite 1500
Seattle, WA 98101
TEL: (206) 420-4267
FAX: (206) 420-4375

copy of the document that was issued as Document 168, or referenced in her Notice and Request that Exhibit 1 was a duplicate of the second page of Document 168.

Additionally, WSRMP further notes that the staff for WSRMP, Kenneth Curtis, did not provide their name to the process server, so it is unclear as to how the process server obtained Mr. Curtis' name. It is also worth noting that the process server's handwritten statement as to how service was made, is contradictory in and of itself, as it claims that Mr. Curtis "came to the door and took summons &complaint served on WSRMP. Documents where (sp) left at the office." If Mr. Curtis took the summons and complaint, then how were they also "left at the office?"

Furthermore, this Plaintiff attempted this very same maneuver in seeking a default against the Defendant Seattle Public Schools for failure to defend when their Answer to the Plaintiff's Complaint was delayed by just two days. *See*, Dkts. 26, 30, and 36. The Court denied the Plaintiff's request and motion for default for some of the very same reasons contained in this response-failure to comply with the FRCP and the extreme nature of entry of default, particularly against a party who has not acted in bad faith. *See*, Dkt. 41. Plaintiff filed a Motion for Reconsideration of the Court's denial in that instance and the Court denied said Motion for Reconsideration, outlining again the basis for the original order. *See,* Dkts 43, 44.

At best, these could all just be interpreted as innocent mistakes; however, given the pattern of the Plaintiff's actions in this case, including her prior attempts at obtaining entry of defaults in this very action, at worst they are intentional and knowing attempts to misuse the legal process to obtain an advantage that she is not entitled to. Regardless, it is evidence of a



**TYSON & MENDES, LLP**
600 Stewart Street, Suite 1500
Seattle, WA 98101
TEL: (206) 420-4267
FAX: (206) 420-4375

Plaintiff who has not acted diligently or complied with the rules of the Court, and therefore entry of default would be inappropriate.

**CONCLUSION**

For the foregoing reasons, Defendant WSRMP respectfully requests the Court deny the Plaintiff's Notice and Request for Entry of Default.

DATED this 10th day of June 2026.

TYSON & MENDES, LLP

By: /s/ Alexis T. Foster

Sitar Bhatt, WSBA #62224
David H. Heemann, WSBA #53903
Alexis T. Foster, WSBA #37032
*Attorneys for Defendant Washington State Risk Management Pool*



**TYSON & MENDES, LLP**
600 Stewart Street, Suite 1500
Seattle, WA 98101
TEL: (206) 420-4267
FAX: (206) 420-4375

## CERTIFICATE OF SERVICE

I hereby declare under the penalty of perjury under the laws of the State of Washington that I caused to be served a true and correct copy, except where noted, of the foregoing upon the individual(s) listed by the following means:

| | |
|---|---|
| **Plaintiff:**<br><br>Rosa Maria Cabrera Thompson<br>Pro Se Plaintiff<br>P.O. Box 275<br>Maple Valley, WA 98038<br>Rosathompson09@hotmail.com<br>(832) 238-1534 | [ ] U.S. Postal Service (First Class)<br>[ ] Facsimile to<br>[ ] _______________ Express Mail<br>[ ] Hand Delivery<br>[ ] Via Legal Messenger<br>[X] E-Service/E-Mail |
| **Defendant Seattle Public Schools**<br><br>Shannon Ragonesi<br>KEATING BUCKLIN MCCORMACK, INC. PS<br>1201 Third Ave., Suite 1580<br>Seattle WA 98101<br>(206) 623-8861<br>sragonesi@kbmlawyers.com | [ ] U.S. Postal Service (First Class)<br>[ ] Facsimile to<br>[ ] _______________ Express Mail<br>[ ] Hand Delivery<br>[ ] Via Legal Messenger<br>[X] E-Service/E-Mail |
| **Defendant Mukilteo School District**<br><br>Megan Starks<br>Zana Molina<br>PATTERSON BUCHANAN FOBES & LEITCH, INC., PS<br>1000 Second Avej., 30th Flr.<br>Seattle, WA 98104<br>mstarks@pattersonbuchanan.com<br>ztm@pattersonbuchanan.com | [ ] U.S. Postal Service (First Class)<br>[ ] Facsimile to<br>[ ] _______________ Express Mail<br>[ ] Hand Delivery<br>[ ] Via Legal Messenger<br>[X] E-Service/E-Mail |

DATED: June 10, 2026

*s/ Abby Jenkins*
Abby Jenkins, Legal Assistant
ajenkins@tysonmendes.com



**TYSON & MENDES, LLP**
600 Stewart Street, Suite 1500
Seattle, WA 98101
TEL: (206) 420-4267
FAX: (206) 420-4375