UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSA MARIA CABRERA THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>SEATTLE PUBLIC SCHOOLS, a public school district in the State of Washington,<br><br>Defendants. | CASE NO. 2:25-cv-00468-TL<br><br>ORDER ON MOTION FOR ENTRY OF DEFAULT AND MOTION TO STRIKE |

This matter is before the Court on Plaintiff's Motion for Entry of Default (Dkt. No. 177). Having considered the motion, Defendant Washington Schools Risk Management Pool's ("WSRMP") response (Dkt. No. 179), Plaintiff's reply (Dkt. No. 182), and the relevant record, the Court DENIES the motion. The Court further DENIES Plaintiff's motion to strike Defendant WSRMP's response (Dkt. No. 185).

# I. Discussion

## A. Motion for Entry of Default

> Upon motion by a party noted in accordance with LCR 7(d)(1) and supported by affidavit or otherwise, the clerk shall enter the default of any party against whom a judgment for affirmative relief is sought but who has failed to plead or otherwise defend. The affidavit shall specifically show that the defaulting party was served in a manner authorized by Fed. R. Civ. P. 4.

LCR 55(a). Here, Plaintiff's request fails because the proof of service that Plaintiff attached to her motion (Dkt. No. 177-1) does not "specifically show that the defaulting party was served in a manner authorized by Fed. R. Civ. P. 4."

Service of process on Defendant WSRMP is governed by Federal Rule of Civil Procedure 4(j)(2). This Rule applies because Defendant WSRMP is a "joint self-insurance program," created by "[t]he governing body of a local government entity . . . under chapter 39.34 RCW." RCW 48.62.031(1)–(2). Under Federal Rule of Civil Procedure 4(j)(2),

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2).

Here, the proof of service attached to Plaintiff's motion (Dkt. No. 177-1), which the Court construes as the affidavit required by Local Civil Rule 55(a), indicates that process was served on Defendant WSRMP's "Director of IT/IS[.]" Under Rule 4(j)(2), this is not a person who can receive service on this type of defendant. Rather, process must have been served on either Defendant's chief executive officer or in accordance with relevant Washington law. With respect to a "joint self-insurance program" like Defendant WSRMP, state law prescribes that the

organization's "risk manager" is the officer "upon whom shall be served, all legal process issued against it in this state upon causes of action arising in this state." RCW 48.62.031(6). Accordingly, to "specifically show that the defaulting party was served in a manner authorized by Fed. R. Civ. P. 4," LCR 55(a), the affidavit accompanying the motion for entry of default would need to indicate that Defendant WSRMP's "chief executive officer" or "risk manager" was served. Simply put, it does not.

Plaintiff has provided an 11-page reply brief (Dkt. No. 182) and a six-page declaration from her process server (Dkt. No. 183) to argue that there is more to the story than what the Court has recited above. There might well be. But given: (1) Defendant WSRMP's appearance in this matter (Dkt. No. 178); (2) Defendant's clear intent to defend itself, as demonstrated by its opposition to an entry of default (*see* Dkt. No. 179); and (3) the "[p]ublic policy favoring disposition of cases on their merits," *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002), the Court need not, and will not, expend further resources evaluating the credibility of dueling declarations (*see* Dkt. Nos. 179-2 (Curtis Decl.), 183 (Falawo Decl.)), or interrogating the semantics of the verbs "take" and "leave" (*see* Dkt. No. 182 at 3–4). *See Soberano v. Guillen*, No. C21-1084, 2021 WL 5944416, at *2 (W.D. Wash. Dec. 16, 2021) (denying entry of default "as counsel has now appeared on Respondent's behalf," and "[t]he Court prefers that this matter proceed on its merits").

**B. Motion to Strike**

On June 16, 2026, Plaintiff filed a "Motion to Strike Defendant WSRMP's Untimely Opposition to Plaintiff's Notice of Default and Request for Entry of Default." Dkt. No. 185. In this motion, Plaintiff argues that Defendant WSRMP's response (Dkt. No. 179) to Plaintiff's motion for entry of default (Dkt. No. 177) must be struck as untimely. *See* Dkt. No. 185 at 1.

There are several problems with Plaintiff's position. First, Plaintiff conflates the deadline for an opposition brief with the deadline for a responsive pleading, accusing Defendant of missing the latter. *See* Dkt. No. 185 at 2–3. But Defendants' responsive pleading deadline is not only inapplicable, it is *nonexistent* because, as discussed above, Plaintiff did not properly serve Defendant WSRMP on May 14, 2026. Consequently, Defendant WSRMP's deadlines to file a responsive pleading were not triggered as Plaintiff asserts. Second, Plaintiff appears to take the position that the deadline for WSRMP to respond to her motion fell on June 4, 2026 (*see* Dkt. No. 185 at 2)—four days before she even filed it. It is, of course, impossible to oppose a motion that has not yet been filed. Third, Plaintiff waived any timeliness-based objection by submitting a reply brief that made no mention of the response's alleged untimeliness. *See generally* Dkt. No. 182; *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C07-5944, 2015 WL 13654034, at *2 n.3 (N.D. Cal. Aug. 6, 2015) (deeming timeliness objection waived after party did not raise it in response to allegedly untimely motion). In Plaintiff's reply brief, which was itself not authorized by the Court, Plaintiff makes eight specific arguments, none of which has anything to do with deadlines.

The Court cautions Plaintiff that her motion to strike is borderline frivolous. The motion is essentially a re-heated version of her original motion for entry of default. *Compare* Dkt. No. 185, *with* Dkt. No. 177. It unnecessarily multiplies the proceedings and wastes the Court's time. Indeed, the Court was prepared to rule on Plaintiff's motion for entry of default, only to be forced by Plaintiff's latest submission to stop what it was doing and consider this new motion to strike. Further aggravating the situation, to the extent that the motion presents any original argument, it is the absurd proposition that Defendant WSRMP should have opposed a motion before that motion was even filed. The Court has advised the Parties to be mindful of its limited resources. *See, e.g.*, Dkt. No. 84 at 20 (advising Plaintiff that, "when seeking the Court's

intervention on a specific issue, duplicative requests are wasteful and unhelpful, as they do little more than drain the Court's limited resources"); Dkt. No. 127 at 2 ("Plaintiff has persisted in clogging the docket with extraneous and, at times duplicative, filings [that] . . . require the Court to needlessly expend resources"); Dkt. No. 128 at 3 (cautioning Plaintiff to "avoid[] the needless expenditure of . . . the Court's resources on an unmeritorious motion"); Dkt. No. 154 at 3 (stating that "repetitive motion practice" is "duplicative and wasteful of the Court's and the Parties' resources"); Dkt. No. 157 at 13 ("The Court's time and resources are scarce commodities."); Dkt. No. 163 at 4 (noting the Court's "limited resources"). That caveat still applies.

Plaintiff is reminded that "[d]iscretion . . . is not only the better part of valor, but the better part of justice as well." *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1136 (9th Cir. 2006) (Kozinski, J., concurring in part and dissenting in part). This is Plaintiff's final warning: Should Plaintiff continue to engage in duplicative and/or repetitive motion practice, the Court will consider issuing sanctions against her.

## II. CONCLUSION

Accordingly, Plaintiff's request for entry of default (Dkt. No. 177) and motion to strike (Dkt. No. 185) are DENIED. Defendant WSRMP SHALL file a responsive pleading **within fourteen (14) days** of this Order.

Dated this 18th day of June 2026.

Tana Lin
United States District Judge