The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

ROSA MARIA CABRERA THOMPSON,

Plaintiff,

vs.

SEATTLE PUBLIC SCHOOLS, a public school district of the State of Washington; WASHINGTON SCHOOLS RISK MANAGEMENT POOL, a public-school insurer; MISA GARMOE, individually; JOHN CERQUI, individually; LIBBY SIMEON, individually; SARAH J. PRITCHETT, individually; AYRIAN L. HASTINGS, individually; TARANCE HART, individually; SHARONDA WILLINGHAM, individually; SHANNON RAGONESI, individually; SIMONE NEAL, individually; STEPHEN SHURTLEFF, individually; MARK FILIPINI, individually; SHELBY STONER, individually; KRISTA SLOSBURG, individually; ANN FEASTER, individually ALISON BRYNELSON, individually PATTY DOWD, individually; K&L GATES LLP; KEATING BUCKLIN & MCCORMACK; STOKES LAWRENCE and DOES 1 through 25, inclusive,

Defendants.

No. 2:25-CV-00468-TL

**DEFENDANT WASHINGTON SCHOOLS RISK MANAGEMENT POOL'S MOTION TO DISMISS FOR FAILURE TO PROPERLY SERVE DEFENDANT WSRMP AND LACK OF JURISDICTION**



**TYSON & MENDES, LLP**
600 Stewart Street, Suite 1500
Seattle, WA 98101
TEL: (206) 420-4267
FAX: (206) 420-4375

## I. INTRODUCTION

Defendant Washington Schools Risk Management Pool ("WSRMP") moves to dismiss Plaintiff's claims on two independent grounds. First, Plaintiff failed to properly serve this governmental entity as required by RCW 48.62.031 and Federal Rule of Civil Procedure 4(j)(2), warranting dismissal under Rule 12(b)(5). Second, Plaintiff failed to satisfy Washington's mandatory pre-suit claim-presentment requirements applicable to governmental organizations under Chapter 4.92 RCW, requiring dismissal under Rule 12(b)(1).

## II. STATEMENT OF FACTS

1. Defendant WSRMP is a governmental entity, a joint self-insurance program, comprised of local governmental entities-specifically state public school districts, formed pursuant to Washington state law. *See, Defendant Exhibit 1, Declaration of Alexis Foster, Exhibit A.*

2. On March 11, 2025, Plaintiff initiated the present suit against Defendant Seattle Public Schools ("SPS") by way of filing Plaintiff's Summons and Complaint. *See, Dkt. 1.*

3. On April 9, 2025, Plaintiff filed her First Amended Complaint, still against just one party, SPS. *See, Dkt. 21.*

4. On July 20, 2025, Plaintiff filed a Motion for Extension of Time, requesting to extend the joinder deadline to February 1, 2026. *See, Dkt. 92.*

5. On August 1, 2025, Plaintiff file a Motion for Leave to File a Second Amended Complaint, against the current defendant Seattle Public Schools and a new Defendant Washington Schools Risk Management Pool ("WSRMP"). *See, Dkt. 96.*

6. On March 31, 2026, the Court granted the Plaintiff's July 20, 2025 Motion for Extension of Time for Joinder, extending the joinder deadline to April 30, 2026. *See, Dkt.* 155



**TYSON & MENDES, LLP**
600 Stewart Street, Suite 1500
Seattle, WA 98101
TEL: (206) 420-4267
FAX: (206) 420-4375

7. Plaintiff did not file a motion with the court, nor obtain consent from Defendant WSRMP, to join Defendant WSRMP as a party to the suit. The Plaintiff's Motion for Extension of Time for Joinder, and the Court's Order granting the Motion in part did not name WSRMP or any other party and simply allowed additional time for the Plaintiff to join any additional parties. *Id.*

8. On March 31, 2026, the Court also granted in part and denied in part the Plaintiff's Motion for Leave to file the Second Amended Complaint. This Order granted the Plaintiff leave to file a Second Amended Complaint that included only her proposed Counts Eight and Seventeen. Any other claims were prohibited from being brought in the Second Amended Complaint and the Plaintiff was required to see leave to amend her Complaint, via Motion and a Proposed Third Amended Complaint should she wish to pursue any other claims, including the ones denied by the Court in this Order. Said Motion for Leave to Amend and Proposed Third Amended Complaint was required to be filed by April 30, 2026. *See, Dkt. 156*.

9. On April 17, 2026, Plaintiff filed the Second Amended Complaint against Defendants SPS and WSRMP. *See, Dkt. 164*.

10. On April 30, 2026, Plaintiff filed a Motion for Leave to File a Third Amended Complaint against Defendants SPS and WSRMP, alleging several additional substantial claims against the Defendants, including those that were previously denied by the Court in the Motion for Leave to file the Second Amended Complaint. *See, Dkt. 166*.

11. At no point prior to naming Defendant WSRMP in the suit, did Plaintiff complete and submit a Tort Claim Form as required by Washington State Law when alleging a tort has been committed by a governmental entity.



**TYSON & MENDES, LLP**
600 Stewart Street, Suite 1500
Seattle, WA 98101
TEL: (206) 420-4267
FAX: (206) 420-4375

12. Plaintiff's proof of service states services of the Summons and Complaint were effectuated on Defendant WSRMP on May 14, 2026, through service upon Defendant WSRMP's Director of IT/IS, Kenneth Curtis and the documents were left at the WSRMP offices. *See, Dkt. 181.*

13. On June 8, 2026, Plaintiff filed a Notice of Default and Request for Default Entry ("Notice and Request") against Defendant Washington State Risk Management Pool ("WSRMP"). *See, Dkt. 177.*

14. On June 10, 2026, Defendant WSRMP filed a Response in opposition to the Plaintiff's Notice and Request for Default, requesting the Court deny the Motion for several grounds, including the Plaintiff's failure to properly serve Defendant WSRMP. *See, Dkt. 179*

15. On June 16, 2026, Plaintiff not only filed a Reply in Support of her Notice and Request for Default, but also a separate Motion to Strike Defendant WSRMP's Response in Opposition of Plaintiff's Notice and Request for Entry of Default. *See, Dkt. 185.*

16. Plaintiff's Motion for Default and Motion to Strike were denied by the Court on June 18, 2026. This denial was based in part on the Plaintiff' failure to properly serve the Defendant WSRMP in accordance with court rules and state law. *See, Dkt. 190.*

17. The Court ordered Defendant WSRMP to file a responsive pleading within 14 days of the Court's order. *Id.*

18. This Motion to Dismiss is Defendant WSRMP's responsive pleading in accordance with the Court's June 18, 2026 order.

///

///



**TYSON & MENDES, LLP**
600 Stewart Street, Suite 1500
Seattle, WA 98101
TEL: (206) 420-4267
FAX: (206) 420-4375

## III. ISSUE STATEMENTS

**A. WSRMP must be dismissed from this suit as there was insufficient service of process as required by the Federal Rules of Civil Procedure and Washington State Law.**

A defendant may move to dismiss for insufficient service of process under Rule 12(b)(5). FRCP 4 governs original service of process and provides that service of a state, municipal corporation, or other state-created governmental organization must be made by either "…(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."

Washington State law provides that local governmental entities may form a joint self-insurance program, made under 39.34 RCW- the Interlocal Cooperation Act. RCW 48.62.031. The Washington State risk manager is the appointed attorney for service of process for all joint self-insurance programs and is the individual who must be served for sufficient and proper service of said entities. RCW 48.62.031(6).

Failure to strictly comply with the service requirements under the Federal Rules of Civil Procedure warrants dismissal of the action. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 566 (6th Cir. 2022).

**B. WSRMP should be dismissed from this suit as the Plaintiff did not comply with Washington's claim presentment prerequisites pursuant to FRCP 12(b)(1) and 12(b)(6).**

Washington law requires pre-suit presentment of tort claims against governmental entities under RCW 4.92.100 and RCW 4.96.020. Noncompliance with these claim-presentment statutes requires dismissal under FRCP 12(b)(1) when claims are filed before the proper presentment and



**TYSON & MENDES, LLP**
600 Stewart Street, Suite 1500
Seattle, WA 98101
TEL: (206) 420-4267
FAX: (206) 420-4375

expiration of the statutory waiting period. *Boring v. Pattillo Industrial Real Estate*, N.D.Ga.2019, 426 F.Supp.3d 1341. *MSPA Claims 1, LLC v. First Acceptance Insurance Company, Inc.,* M.D.Fla.2019, 380 F.Supp.3d 1235

## IV. ARGUMENT

### C. Plaintiff's Service Was Insufficient Under RCW 48.62.031 and Rule 4(j)(2), Requiring Dismissal Under Rule 12(b)(5).

WSRMP is a governmental entity. This requires the Plaintiff to serve the summons and complaint upon the Washington State Risk Manager pursuant to state law and court rule. In this case, the Plaintiff did not serve the State Risk Manager, even though the process server was informed that service of process could not be accepted by the WSRMP staff. Instead, the process server chose to slide the summons and complaint under the closed and locked door of the WSRMP offices, after being told that service could not be accepted there, and after WSRMP staff left the area and the sight of the process server.

Plaintiff bore the burden to effect service in conformity with Rule 4(j)(2) and RCW 48.62.031. The record shows Plaintiff attempted service on May 14, 2026 via in person service at the WSRMP offices, leaving the Summons and Complaint at the offices, directed to Kenneth Curtis, WSRMP's IT/IS director. This did not satisfy the statute's requirements to serve the State Risk Manager on behalf of Defendant WSRMP. Strict compliance is required, and actual notice does not cure defective service. Because Plaintiff failed to properly serve Defendant within the time and manner required, dismissal under Rule 12(b)(5) is appropriate.

///

///



**TYSON & MENDES, LLP**
600 Stewart Street, Suite 1500
Seattle, WA 98101
TEL: (206) 420-4267
FAX: (206) 420-4375

**D. Plaintiff Failed to Comply with Mandatory Claim-Presentment Requirements Under RCW 4.92.100 and RCW 4.96.020; Dismissal Is Required.**

Again, WSRMP is a governmental entity. As such, Washington's claim-presentment statutes apply. RCW 4.92.100 and 4.96.020. Under statute the state tort claim form was required to be submitted to the Office of Risk Management with the required observance period of sixty days prior to filing suit. RCW 4.92.110.

Here, Plaintiff did not present any tort claim form to any entity, but specifically to the Office of Risk Management. Moreover, Plaintiff filed the Amended Complaint naming WSRMP on April 17, 2026, without the tort claim being filed and/or before the waiting period elapsed. This failure to satisfy mandatory pre-suit conditions requires dismissal of the tort claims against Defendant under Rule 12(b)(1). Dismissal should be without prejudice where curable but claims prematurely filed must be dismissed and may not proceed until statutory compliance is shown.

## V. RELIEF REQUESTED

Defendant respectfully requests that the Court:

1. Dismiss all claims against Defendant under Rule 12(b)(5) for insufficient service of process, for failure to comply with RCW 48.62.031 and Rule 4(j)(2).
2. Dismiss all tort claims against Defendant under Rule 12(b)(1) for failure to comply with Chapter 4.92 RCW.
3. Award Defendant its reasonable fees and costs incurred in bringing this motion
4. Grant such other and further relief as the Court deems just and proper.

///



**TYSON & MENDES, LLP**
600 Stewart Street, Suite 1500
Seattle, WA 98101
TEL: (206) 420-4267
FAX: (206) 420-4375

## VI. CONCLUSION

For the foregoing reasons, the Court should grant the motion and dismiss the claims against Defendant as requested.

DATED this 2ND day of July 2026.

TYSON & MENDES, LLP

By: /s/ Alexis T. Foster

Alexis T. Foster, WSBA #37032
Sitar Bhatt, WSBA #62224
David H. Heemann, WSBA #53903
600 Stewart Street, Suite 1500
Seattle, WA 98101
(206) 420-4267
afoster@tysonmendes.com
*Attorneys for Defendant Washington State Risk Management Pool*

## CERTIFICATE OF SERVICE

I hereby declare under the penalty of perjury under the laws of the State of Washington that I caused to be served a true and correct copy, except where noted, of the foregoing upon the individual(s) listed by the following means:

| | |
|---|---|
| **Plaintiff:**<br><br>Rosa Maria Cabrera Thompson<br>*Pro Se* Plaintiff<br>P.O. Box 275<br>Maple Valley, WA 98038<br>Rosathompson09@hotmail.com | [ ] U.S. Postal Service (First Class)<br>[ ] Facsimile to<br>[ ] ________________ Express Mail<br>[ ] Hand Delivery<br>[ ] Via Legal Messenger<br>[X] E-Service/E-Mail |
| **Defendant Seattle Public Schools**<br><br>Shannon Ragonesi<br>KEATING BUCKLIN MCCORMACK, INC. PS<br>1201 Third Ave., Suite 1580<br>Seattle WA 98101<br>(206) 623-8861<br>sragonesi@kbmlawyers.com | [ ] U.S. Postal Service (First Class)<br>[ ] Facsimile to<br>[ ] ________________ Express Mail<br>[ ] Hand Delivery<br>[ ] Via Legal Messenger<br>[ ] E-Service/E-Mail |
| **Defendant Mukilteo School District**<br><br>Megan Starks<br>Zana Molina<br>PATTERSON BUCHANAN FOBES & LEITCH, INC., PS<br>1000 Second Avenue, 30th Flr.<br>Seattle, WA 98104<br>mstarks@pattersonbuchanan.com<br>ztm@pattersonbuchanan.com | [ ] U.S. Postal Service (First Class)<br>[ ] Facsimile to<br>[ ] ________________ Express Mail<br>[ ] Hand Delivery<br>[ ] Via Legal Messenger<br>[ ] E-Service/E-Mail |

DATED: July 2, 2026.

*/s/ Abby Jenkins*
Abby Jenkins, Legal Assistant
ajenkins@tysonmendes.com



**TYSON & MENDES, LLP**
600 Stewart Street, Suite 1500
Seattle, WA 98101
TEL: (206) 420-4267
FAX: (206) 420-4375