Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

ROSA MARIA CABRERA THOMPSON,

Plaintiff(s),

v.

SEATTLE PUBLIC SCHOOLS, a public school district of the State of Washington; WASHINGTON SCHOOLS RISK MANAGEMENT POOL, a public-school insurer,

Defendant(s).

CASE NO. 2:25-CV-00468-TL

**PLAINTIFF'S OPPOSITION TO DEFENDANT WASHINGTON SCHOOLS RISK MANAGEMENT POOL'S MOTION TO DISMISS**

NOTE ON MOTION CALENDAR:

July 30, 2026

## I. INTRODUCTION

This is Plaintiff's opposition to Defendant Washington Schools Risk Management Pool's (“WSRMP”) Motion to Dismiss (Dkt. 200), filed in advance of the July 30, 2026 noting date. Plaintiff did not respond to the motion's service and presentment arguments piecemeal. Instead, Plaintiff used the weeks between the motion's filing and its noting date to do the two things the motion said had not been done: complete service in the exact manner WSRMP's own motion demanded, and allow the sixty-day tort-claim waiting period WSRMP's own motion invoked to



Rosa Maria Cabrera Thompson, P.O. Box 275, Maple Valley, WA 98038

Honorable Tana Lin

run its full course. Both are now complete. Neither branch of WSRMP's motion has anything left to decide.

On July 8, 2026, Plaintiff's process server completed service of the Summons and operative Complaint on the Washington State Risk Manager — the precise recipient WSRMP's motion identifies as required under RCW 48.62.031(6). Before doing so, the process server first attempted service on WSRMP's chief executive officer, Deborah Callahan, consistent with Federal Rule of Civil Procedure 4(j)(2)(A). Ms. Callahan declined to accept service. This was the second time a WSRMP officer had the opportunity to accept or facilitate service on WSRMP's chief executive and declined: WSRMP's IT Director did the same in May 2026. The service defect this Court identified in Dkt. 190 is now cured, and it was cured despite, not because of, WSRMP's own cooperation.

On May 19, 2026, Plaintiff served WSRMP a tort claim notice and form by certified mail. More than sixty days have since passed. WSRMP has not responded, has not sought clarification, and has not attempted to settle or otherwise engage with the claim described. Whatever presentment defect WSRMP's motion identified has run its full statutory course. Before reaching either point, the Court should confirm that the motion itself complies with LCR 83.2, given that an attorney the Clerk has already found improperly appeared remains on its signature block. And because WSRMP's continued presence in this action is more than a procedural formality, Plaintiff also sets out below — from WSRMP's own claim file and its own claims handler's sworn deposition testimony, why WSRMP is directly, factually connected to the conspiracy, misrepresentation, and retaliation Plaintiff alleges.

## II. RELEVANT PROCEDURAL BACKGROUND



Rosa Maria Cabrera Thompson, P.O. Box 275, Maple Valley, WA 98038

On May 14, 2026, Plaintiff's process server attempted service of the Second Amended Complaint on WSRMP at its offices. Dkt. 177-1. WSRMP's IT Director, Kenneth Curtis, instructed server to slide the summons and complaint under the door which he would accept and, on Plaintiff's understanding, declined to permit the process server access to WSRMP's Executive Director, Deborah Callahan. Dkt. 179-2 (Curtis Decl.); Dkt. 183 (Falawo Decl.). On May 19, 2026, Plaintiff separately served WSRMP a tort claim notice and form by certified mail.

On June 8, 2026, after Plaintiff filed a Notice of Default and Request for Entry of Default (Dkt. 177), WSRMP appeared through counsel. On June 10, 2026, WSRMP opposed the default motion (Dkt. 179), supported by declarations from counsel Alexis Foster (Dkt. 179-1) and Mr. Curtis (Dkt. 179-2). On June 18, 2026, this Court denied Plaintiff's motion for entry of default and a related motion to strike, expressly declining to resolve the "credibility of dueling declarations" between Mr. Curtis and Plaintiff's process server, Mr. Falawo, and ordering WSRMP to "file a responsive pleading within fourteen (14) days." Dkt. 190 at 3, 5.

On June 22, 2026, the Clerk found that attorney David Heemann's appearance on the docket was improper and that he would be removed from the docket, and that attorney Sitar Bhatt's appearance likewise had not been properly signed. The next day, Mr. Bhatt cured his own defect by filing an individually signed Notice of Appearance. Dkt. 197. No corresponding corrected appearance for Mr. Heemann appears on the docket.

On July 2, 2026, the fourteenth day after Dkt. 190 — WSRMP filed the instant Motion to Dismiss, again naming Mr. Heemann on its signature block alongside Ms. Foster and Mr. Bhatt. Dkt. 200 at 7; Dkt. 200-1 at 1. WSRMP noted the motion for consideration on July 17, 2026; on July 6, 2026, the Clerk corrected the noting date to July 30, 2026.



Rosa Maria Cabrera Thompson, P.O. Box 275, Maple Valley, WA 98038

Honorable Tana Lin

On or about July 8, 2026, Plaintiff's process server returned to complete service. He first sought out Ms. Callahan, WSRMP's chief executive officer, consistent with Rule 4(j)(2)(A). Ms. Callahan declined to accept service. The process server then completed service on the Washington State Risk Manager, Office of Risk Management, Department of Enterprise Services. Proof of service has been [filed concurrently / will be filed as Dkt. 202]. More than sixty days have now passed since the May 19, 2026 tort claim notice without any response from WSRMP.

## III. ARGUMENT

### A. The Court Should Confirm Compliance with LCR 83.2 Before Reaching the Merits

LCR 83.2 and Federal Rule of Civil Procedure 11 require that every attorney appearing as counsel of record on a filing have properly and individually appeared. On June 22, 2026, the Clerk found that Mr. Heemann's appearance was improper and stated that he "will be removed from the docket." No corrected appearance for Mr. Heemann has since been filed; Mr. Bhatt, by contrast, cured his own identical defect the very next day. Dkt. 197. Mr. Heemann's name nonetheless appears on the signature block of both the Motion to Dismiss and the accompanying Foster declaration. Dkt. 200 at 7; Dkt. 200-1 at 1. Plaintiff respectfully requests that the Court confirm the motion's compliance with LCR 83.2 before considering its merits, strike Mr. Heemann's name absent a corrected appearance on file, and disregard any argument attributable to an attorney who has not properly appeared.

### B. The Rule 12(b)(5) Motion Is Moot: Plaintiff Has Cured Service

#### 1. Service on the State Risk Manager Satisfies the Very Method WSRMP's Motion Demanded


Rosa Maria Cabrera Thompson, P.O. Box 275, Maple Valley, WA 98038

This Court held in Dkt. 190 that service must be made either on WSRMP's chief executive officer under Rule 4(j)(2)(A), or, under Rule 4(j)(2)(B), on “the organization's ‘risk manager,’” whom RCW 48.62.031(6) identifies as “the officer ‘upon whom shall be served, all legal process.’” Dkt. 190 at 2–3. On July 8, 2026, Plaintiff served the state risk manager directly — the precise method WSRMP's own motion insisted was required. Dkt. 200 at 3 (“The Washington State risk manager is the appointed attorney for service of process for all joint self-insurance programs …”). WSRMP identified the defect; Plaintiff cured it. There is no live service dispute left for the Court to resolve, and the motion should be denied as moot.

<u>2. Plaintiff's Attempt to Serve WSRMP's Chief Executive Officer First, and Ms. Callahan's Refusal, Confirm the Diligence and Good Faith of the Process</u>

Before falling back to the state-law alternative, Plaintiff's process server first attempted the method Rule 4(j)(2)(A) independently authorizes: delivery to the chief executive officer. He sought out Deborah Callahan, WSRMP's Executive Director, for that purpose. Ms. Callahan declined to accept service. Only then did the process server complete service on the risk manager.

This is not the first time a WSRMP officer has declined service directed at reaching WSRMP's chief executive officer. In May 2026, IT Director Kenneth Curtis prevented the same process server from reaching Ms. Callahan at all. Dkt. 183 (Falawo Decl.); see also Section III.F, below. WSRMP's own personnel have now twice been in a position to accept or facilitate service on the officer Rule 4(j)(2)(A) designates, and twice declined. Plaintiff's diligence in returning a second time, attempting the higher-priority method first, and completing the statutory alternative when that method was again refused, is precisely the conduct Rule 4(m) and this Court's own reasoning in Dkt. 190 contemplate rewarding rather than penalizing.



Rosa Maria Cabrera Thompson, P.O. Box 275, Maple Valley, WA 98038

3. WSRMP Suffers No Prejudice, and Dismissal Would Serve No Purpose

WSRMP identifies no prejudice from the timing of service beyond the service dispute itself, which is now resolved. WSRMP has been an active participant in this litigation since June 2026 and has briefed the merits of two motions. It retains its full statutory period to respond following the July 8, 2026 service, including, if WSRMP still maintains the position taken in its own June 10, 2026 filing, the forty-day period RCW 48.62.031(6)(d) affords following service on the risk manager. Dismissing a properly, if belatedly, served defendant that has already answered the merits at length would not serve Rule 4(m)'s purpose where, as here, the defect the motion identified has already been cured.

**C. The Rule 12(b)(1) Motion Is Moot: The Presentment Waiting Period Has Fully Run Without Response**

1. The Statutory Waiting Period Has Expired

Plaintiff served WSRMP a tort claim notice and form by certified mail on May 19, 2026. Any sixty-day waiting period under RCW 4.96.020(4) expired on or about July 18, 2026. More than sixty days have now passed. WSRMP has not responded to the notice, has not requested clarification, and has not attempted to resolve the claim it describes. The precondition to suit that WSRMP's motion says was missing has since been fully satisfied by the passage of time, exactly as WSRMP's own brief concedes it should be: "Dismissal should be … without prejudice where curable." Dkt. 200 at 5. The defect is not merely curable , it has been cured, and WSRMP's silence in the face of a certified-mail notice for more than two months confirms it.

2. The Same Substantial-Compliance Standard This Court Already Applied to SPS Independently Supports Denial



Rosa Maria Cabrera Thompson, P.O. Box 275, Maple Valley, WA 98038

Honorable Tana Lin

This Court has already held, applying RCW 4.96.010(1) and *Medina v. Public Utility District No. 1 of Benton County*, 147 Wn.2d 303, 310, 53 P.3d 993 (2002), that presentment is satisfied "so long as the content of the claim includes sufficient detail to provide notice and to apprise the government entity of the facts of the allegedly tortious conduct." Dkt. 156 at 15. Given the extensive overlap between the facts described in Plaintiff's May 19, 2026 notice and the facts already litigated at length in this action and in the related action, *Thompson v. Mukilteo School District No. 6*, No. C25-529 (W.D. Wash.), WSRMP was on more than adequate notice of the substance of Plaintiff's claims. The same standard this Court applied to deny dismissal of Plaintiff's presentment-dependent claims against SPS, Dkt. 156 at 15–17, requires the same result here, now reinforced by the full, unanswered passage of the waiting period itself.

<u>3. WSRMP Is a Local Governmental Entity Regulated Under RCW 4.96, and Its Cited Authority Does Not Support Dismissal in Any Event</u>

This Court has already characterized WSRMP as "a 'joint self-insurance program,' created by '[t]he governing body of a local government entity … under chapter 39.34 RCW.'" Dkt. 190 at 2. RCW 4.96, not RCW 4.92, governs presentment against an entity so characterized, and Plaintiff has satisfied it. WSRMP's motion cites both statutes without electing one, which does not change the outcome now that the sixty-day period under either framework has run. Independent of mootness, the two cases WSRMP cites for its presentment argument do not support it. WSRMP cites *Boring v. Pattillo Industrial Real Estate*, 426 F. Supp. 3d 1341 (N.D. Ga. 2019), and *MSPA Claims 1, LLC v. First Acceptance Insurance Co.*, 380 F. Supp. 3d 1235 (M.D. Fla. 2019), for the proposition that noncompliance with claim-presentment statutes requires dismissal. Dkt. 200 at 5–6. Neither case involves a governmental defendant, a claim-



Rosa Maria Cabrera Thompson, P.O. Box 275, Maple Valley, WA 98038

presentment statute, or Washington law of any kind: *Boring* is a property-line dispute among neighboring landowners in Georgia federal court, and *MSPA Claims* is a Medicare Secondary Payer Act subrogation suit against an automobile insurer in Florida federal court. WSRMP's presentment argument was unsupported by authority addressing the statutes it invoked even before it became moot.

**D. WSRMP's Joinder Is Not Open for Relitigation**

This Court's March 31, 2026 Order on Motion to Amend confirms: "The Court has since granted the Joinder Motion. Dkt. No. 155." Dkt. 156 at 2 n.1. The Court then adjudicated the sufficiency of specific claims against WSRMP by name. Dkt. 156 at 4–13. A court does not conduct claim-by-claim analysis against a defendant it considers improperly joined. WSRMP's joinder has already been tested and sustained, and any renewed challenge to it — whether framed through service, presentment, or otherwise — is foreclosed.

**E. Additional Irregularities Counsel Against Any Fee Award to WSRMP**

1. WSRMP's Own Personnel Twice Refused Service Directed at Its Chief Executive Officer

In May 2026, WSRMP's IT Director prevented Plaintiff's process server from reaching WSRMP's chief executive officer at all, and his declaration describing that encounter never mentions the request to reach her. Dkt. 179-2; Dkt. 183. In July 2026, WSRMP's chief executive officer herself was reached and personally declined service. WSRMP should not be heard to seek fees or costs for a motion made necessary, in material part, by its own officers' repeated refusals.

2. The Noting Date, the Recycled Declaration, and the Misstated Rule



Rosa Maria Cabrera Thompson, P.O. Box 275, Maple Valley, WA 98038

Honorable Tana Lin

WSRMP's counsel noted this dispositive motion for consideration on July 17, 2026, consistent with the shorter, non-dispositive-motion noting convention rather than the twenty-four-day period required for a dispositive motion under LCR 7(e)(4); the Clerk corrected the noting date to July 30, 2026 on July 6, 2026. The declaration of counsel Alexis Foster filed with this motion, Dkt. 200-1, is materially identical to the declaration she filed one month earlier in support of WSRMP's opposition to the default motion, Dkt. 179-1, both do nothing but introduce the same governance document and neither addresses any fact specific to this motion. And WSRMP's Notice of Appearance, Dkt. 197, invokes “CR 12(b)(6),” the Washington state-court rule numbering, in this federal action, where the applicable rule is Fed. R. Civ. P. 12(b)(6). These are not isolated slips; they are a pattern the Court should weigh in assessing the care with which WSRMP's submissions have been prepared.

<u>3. Who Is Actually Paying for and Directing This Defense</u>

WSRMP's own Notice of Appearance states that it “is subject to the appearing attorneys' initial communication with said defendants and receipt of informed consent pursuant to RPC 1.8(f)(1).” Dkt. 197 at 1. RPC 1.8(f)(1) governs a lawyer's acceptance of compensation for representing a client from someone other than the client, the classic third-party-payor scenario, and requires the client's informed consent before that arrangement is proper. Given the interlocking financial and representational relationships already documented among WSRMP, its panel firms, its coverage counsel at Kennedys, and its member districts, Plaintiff respectfully requests that the Court require WSRMP's counsel to confirm on the record that the RPC 1.8(f)(1) condition stated in its own Notice of Appearance has since been satisfied.

<u>4. Sanctions Against WSRMP's Lead Counsel in the Related MSD Action</u>

This history bears on the weight the Court should give WSRMP's declarations, not on dismissal or estoppel. In the related action pending before this District, *Thompson v. Mukilteo School District No. 6*, No. 2:25-cv-00529-JNW (W.D. Wash.), the court imposed sanctions on attorney Alexis Foster, lead counsel for WSRMP on the motion now before this Court, for obstruction during the deposition of Holly Morgenthaler, and denied reconsideration of that sanction. Ms. Foster is the same attorney who submitted the declaration at Dkt. 200-1 and, before that, the declaration at Dkt. 179-1 — both of which add nothing case-specific, see Section III.E.2, above, and who supervises the declaration of Mr. Curtis, which conspicuously omits any mention of the attempted service on WSRMP's Executive Director, see Section III.B.2, above. A documented history of obstructive conduct in a closely related deposition in this same litigation family, sustained on reconsideration, is relevant context for how closely the Court should scrutinize the completeness and candor of the declarations WSRMP has offered in support of this motion.

**F. WSRMP's Continued Presence in This Action Reflects Direct, Documented Involvement in the Conduct Underlying Plaintiff's Claims**

Although the pending motion raises only service and presentment, Plaintiff addresses briefly why WSRMP's dismissal would be substantively significant, not merely procedural bookkeeping. The following is drawn from WSRMP's own claim file, produced in this litigation, and from the sworn deposition testimony of WSRMP's own claims handler, Holly Morgenthaler. Plaintiff will align the specific claims and counts below with the operative Third Amended Complaint's numbering in any further briefing the Court requests; the facts recited here do not depend on that numbering.

1. Facts Supporting Plaintiff's Conspiracy and Interference Claims



Rosa Maria Cabrera Thompson, P.O. Box 275, Maple Valley, WA 98038

Honorable Tana Lin

WSRMP retained attorney Shannon Ragonesi in February 2023 to direct an investigation of Plaintiff's complaint. Ragonesi Decl. ¶ 3. That retention remained open , by Ragonesi's own sworn account, through February 28, 2024, spanning both the October 2023 Separation Agreement that barred further investigation and the December 1, 2023 telephone call in which MSD employee Simone Neal is alleged to have given Defendant Seattle Public Schools a negative reference in breach of that agreement.

*Id.* Billing records show Ragonesi directing the investigation by telephone with Slosburg five days after that call, on December 6, 2023, and again by email on December 30, 2023, under the subject line “Mukilteo investigation.” Ragonesi simultaneously held a service agreement with Defendant Seattle Public Schools during this same period, a relationship WSRMP's own claims handler testified she had no knowledge of and no process to detect. These facts — a WSRMP-retained attorney directing a barred investigation into Plaintiff in the days surrounding the reference call that cost Plaintiff the SPS position, while simultaneously representing SPS — are the factual core of Plaintiff's conspiracy and tortious interference claims against WSRMP.

<u>2. Facts Supporting Plaintiff's Claims of Misrepresentation in Claim Records</u>

The investigation report WSRMP's claim file identifies bears a face date of January 11, 2023, before Ragonesi's February 2, 2023 retention, before the investigator was hired in April 2023, and before the August 2023 witness interviews the report purports to summarize. Billing records show the report was still being drafted through February 23, 2024. WSRMP's own claim diary records receiving that report on January 18, 2024, inside a claim file WSRMP's own records show was closed on November 2, 2023. When Plaintiff's April 23, 2024 tort claim reached WSRMP, describing the December 1, 2023 reference, it was recorded under Plaintiff's prior, already-closed 2022 occurrence, with a Date of Loss of December 14, 2022 and a Loss



Rosa Maria Cabrera Thompson, P.O. Box 275, Maple Valley, WA 98038

Description of "Staff member alleges hostile work environment" that does not match the claim submitted. WSRMP's own internal correspondence on July 2, 2024 acknowledges the discrepancy and the neutral-reference obligation, and states "it might be that an entirely new occurrence needs to be established so the report date can be accurate," yet WSRMP instead processed a policy-year correction that left the occurrence, the original report date, and the underlying transaction history unchanged.

3. Facts Supporting Plaintiff's Retaliation Claim

WSRMP's own Coverage Agreement distinguishes retaliation claims, which it defends but does not indemnify and which exclude back pay, future pay, and lost wages, from Employment Practices Liability claims, which are broadly indemnifiable. Coding Plaintiff's December 2023 retaliation-based tort claim as a 2022 "hostile work environment" claim under an already-settled occurrence placed it within the more favorably treated category, at the same time WSRMP's own coverage counsel, Kennedys, was engaged, the same day the claim was opened, to review the file. WSRMP also continued to fund and administer investigation activity concerning Plaintiff for months after her claim was contractually resolved, through the same period in which the retaliatory reference is alleged to have occurred. These facts connect WSRMP directly to the retaliation Plaintiff alleges, not as an incidental insurer, but as the entity administering, funding, and directing the conduct at issue.

4. The Discrimination Claims Rest Principally Against Other Defendants, and Plaintiff Does Not Overstate WSRMP's Role

Plaintiff's claims of discrimination under the Washington Law Against Discrimination and Title VII rest principally on the conduct of Plaintiff's employing and prospective-employing districts.



Rosa Maria Cabrera Thompson, P.O. Box 275, Maple Valley, WA 98038

Honorable Tana Lin

Plaintiff does not contend WSRMP itself made a hiring or discipline decision. WSRMP's relevance to that portion of the case is as the entity whose claims-administration and investigation practices, described above, are alleged to have facilitated and obscured the retaliatory conduct connecting those decisions to Plaintiff's protected activity, a narrower, but still material, connection that the facts above support.

## IV. CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Confirm that Defendant WSRMP's Motion to Dismiss (Dkt. 200) and supporting declaration (Dkt. 200-1) comply with LCR 83.2, and strike the name and signature of attorney David Heemann from those filings absent a corrected Notice of Appearance on file;

2. Deny Defendant WSRMP's motion under Federal Rule of Civil Procedure 12(b)(5) as moot, given that Plaintiff completed service on WSRMP's state risk manager on July 8, 2026;

3. Deny Defendant WSRMP's motion under Federal Rule of Civil Procedure 12(b)(1) as moot, given that more than sixty days have passed since Plaintiff's May 19, 2026 tort claim notice without response from WSRMP, and, independently, because WSRMP's cited authority does not support its presentment argument;

4. Confirm that WSRMP's joinder in this action, already resolved by Dkt. 156, is not subject to further collateral attack;


Rosa Maria Cabrera Thompson, P.O. Box 275, Maple Valley, WA 98038

Honorable Tana Lin

5. Require WSRMP's counsel to confirm on the record that the RPC 1.8(f)(1) informed-consent condition stated in WSRMP's own Notice of Appearance, Dkt. 197, has been satisfied, and to disclose who is funding and directing WSRMP's defense in this action;
6. Decline to award Defendant WSRMP its fees or costs incurred in bringing this motion; and
7. Grant such other and further relief as the Court deems just and proper.

DATED this 23rd day of July, 2026.

Respectfully submitted,

/s/ Rosa Maria Cabrera Thompson
Rosa Maria Cabrera Thompson, Plaintiff, Pro Se
P.O. Box 275, Maple Valley, WA 98038
(832) 238-1534
rosathompson09@hotmail.com

Honorable Tana Lin

## CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the United States and the State of Washington that on this date I caused a true and correct copy of the foregoing Plaintiff's Opposition to Defendant Washington Schools Risk Management Pool's Motion to Dismiss to be served upon all parties who have appeared in this action through the Court's CM/ECF system.

DATED this 23 day of July, 2026.

/s/ Rosa Maria Cabrera Thompson
Rosa Maria Cabrera Thompson, Plaintiff Pro Se
P.O. BOX 275, Maple Valley, WA 98038
Rosathompson09@hotmail.com
832-238-1534