UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROSA MARIA CABRERA THOMPSON,

Plaintiff,

v.

SEATTLE PUBLIC SCHOOLS, et al.,

Defendants.

CASE NO. C25-468-TL

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. 175)**

*Pro se* plaintiff Rosa Maria Cabrera Thompson moves to compel non-party Mukilteo School District (MSD) to comply with the March 31, 2026 discovery order (Dkt. 157) [hereinafter March 2026 Discovery Order], requests a contempt finding under Federal Rule of Civil Procedure 45(g), and requests *in camera* review of privileged documents under the crime-fraud exception. **Dkt. 175**. MSD opposes plaintiff's motion, arguing that the requested materials do not exist; are not within MSD's possession, custody, or control; are protected by the attorney-client privilege and/or work-product doctrine; and/or were not requested by the relevant subpoenas. Dkt. 195. Moreover, MSD contends that a portion of plaintiff's argument and related attachments should be stricken because they are based on privileged documents produced inadvertently and subject to an order in *Thompson v. Mukilteo School Dist. No. 6*, No. C25-529-JNW (W.D. Wash. Sep. 12, 2025) (Dkt. 158) [hereinafter "529 Case Order"], that these

documents be deleted, destroyed, and disregarded. *Id.* In reply, plaintiff moves to strike MSD's response brief as untimely filed. Dkt. 198.

As a preliminary matter, the Court finds that MSD's response brief was timely filed fifteen (15) days after plaintiff's opening brief was filed and therefore **DENIES** plaintiff's request to strike the response brief. LCR 7(d)(3) ("Any response shall be filed and received by the moving party no later than 15 days after the filing date of the motion."). As set forth below, the Court **DENIES** plaintiff's motion to compel, request for a contempt finding, and request for *in camera* review of privileged documents. **Dkt. 175**. Having done so, the Court **ORDERS** plaintiff to show cause in a brief **not to exceed three (3) pages** why she should not pay MSD's reasonable expenses in opposing the motion to compel **by November 16, 2026**. Fed. R. Civ. P. 37(a)(5)(B). The Court **DIRECTS** MSD to file a document setting forth an accounting of its reasonable attorney's fees and costs in opposing the motion to compel by **November 9, 2026**.

## DISCUSSION

MSD is not a party to this case but is responding to plaintiff's subpoenas to its current employees Patty Dowd, Assistant Superintendent and Public Records Officer; Stephen Shurtleff, Principal at Kamiak High School; and Brooke Trisler, Chief Technology Officer. Dkt. 195, at 2. Although plaintiff argues that MSD has not complied with the March 2026 Discovery Order, the Court disagrees. MSD is not required to produce documents it does not have and need not produce documents protected as work product or by the attorney-client privilege.

### A. Requested Production

Plaintiff moves to compel production. Dkt. 175, at 14–15. The Court rules as follows with respect to plaintiff's requested production and relief:

1. Shurtleff Requests A3, A5, B4, and C5: phone call logs, text metadata, personal/district-issued device records, and purple notes for November 27 through December 7, 2023. **DENIED**. Plaintiff has not demonstrated that MSD has been non-responsive.
2. Shurtleff text messages to MSD staff during November 23 through December 7, 2023, acknowledged in a letter dated May 29, 2026, by MSD's law firm Patterson Buchanan Fobes & Leitch, Inc., P.S. (PBFL). **DENIED**. These text messages have already been produced. *See* Dkt. 196-1.
3. Trisler Requests B3 (non-Ragonesi portions) and C5: auto-deletion policies, retention schedules, legal hold details for non-attorney custodians, and full call logs for Neal, Shurtleff, and Stevens. **DENIED**. Plaintiff has not demonstrated that MSD has been non-responsive.
4. Dowd Requests A1 (non-Ragonesi portions), B6, B7, C9, and D10: voicemails, investigation and audit records, HR system logs, and records of personal device use. **DENIED**. Plaintiff has not demonstrated that MSD has been non-responsive.
5. All Dowd communications and attachments transmitted to Highline Public Schools, including both Dowd-authored materials and any Filipini-ghost-written draft. **DENIED**. Plaintiff has not demonstrated that MSD has been non-responsive with respect to any documents not protected as work product or by the attorney-client privilege.
6. Compelling MSD to produce the email Stephen Shurtleff transmitted to SPS HR Director Demetrice Lewis in January 2024, including the ghost-written

draft authored by Mark Filipini of K&L Gates, on the grounds that the communication is not shielded by attorney-client privilege and the crime-fraud exception independently defeats any privilege claim. **DENIED**. Plaintiff has not demonstrated that MSD has been non-responsive with respect to any documents not protected as work product or by the attorney-client privilege.

7. Finding that MSD has waived any privilege objections as to all materials withheld from the surviving subpoena categories by failing to serve a privilege log compliant with Fed. R. Civ. P. 45(e)(2)(A) within the time ordered by this Court, and ordering production of those materials within fourteen (14) days. **DENIED.** The privilege logs were produced in October 2025, five months before the March 2026 Discovery Order. *See* Dkt. 196-3. The Court rejects plaintiff's proposition that the March 2026 Discovery Order meant that MSD was required to reproduce new privilege logs to justify material protected as work product or by the attorney-client privilege—the Order clearly and repeatedly referred to requests for privileged materials as quashed. *See, e.g.*, March 2026 Discovery Order, at 3, 5, 6, 7, 8, 9, 10, 13. The Court noted that if there were other documents responsive to the remainder of plaintiff's requests that were believed to contain privileged information, MSD should follow the procedure for withholding described in Federal Rule of Civil Procedure 45(e)(2). *See, e.g., id.* at 8 ("Therefore, that portion of the request is QUASHED. To the extent that MSD believes any relevant document responsive to the remainder of Plaintiff's request contains any

privileged information, it may follow the procedure for withholding described in Federal Rule of Civil Procedure 45(e)(2).”).

8. In the alternative as to the Filipini ghost-written emails, directing MSD to lodge those documents with this Court within seven (7) days for *in camera* review. **DENIED**. Plaintiff's invocation of the crime-fraud exception is discussed further below.

9. Requiring MSD to either produce Neal's business contact information or serve a written statement certifying non-possession, within seven (7) days of this Order, consistent with this Court's express directive in the March 2026 Discovery Order at 11. **DENIED as moot**. MSD states that it is not in possession of Neal's business contact information, is currently attempting to obtain it, and will promptly provide that information to plaintiff upon receipt. Dkt. 195, at 6. The Court **ADMONISHES** MSD for failing to communicate with plaintiff in a timely manner about this information. *Id.* (“MSD SHALL either produce the business contact information for Neal if it has it, or inform Plaintiff that it is not in possession of the requested information.”).

10. Requiring MSD, as to any call logs or texts it claims do not exist, to provide within fourteen (14) days a sworn declaration by the records custodian attesting to the inability to locate the requested information, identifying when the records became unavailable, and describing what preservation steps, if any, were taken. **DENIED**. Plaintiff has not demonstrated that MSD has been non-responsive with respect to any documents not protected as work product or by the attorney-client privilege.

11. Issuing an order to show cause why MSD should not be held in contempt pursuant to Fed. R. Civ. P. 45(g). **DENIED**.

**B. No Requirement to Produce Documents that Do Not Exist or Are Not Within MSD's Possession, Custody, or Control**

MSD has stated that it conducted a reasonable search for responsive materials and has produced all nonprivileged responsive documents located thorough that search. Dkt. 195; Dkt. 196 ¶ 3 [hereinafter Starks Decl.]. The search included, among other things, "receiving and reviewing a substantial volume of records and communicating with the individuals responsible for responding to the requests. Based on our review of the case file and subsequent communications with those individuals, it is also our understanding that prior counsel conferred with the individuals responsible for locating and producing responsive records." Starks Decl. ¶ 3. The Court will not compel MSD to produce documents that do not exist or are not within MSD's possession, custody, or control. *See, e.g.*, March 2026 Discovery Order, at 7 ("With respect to the final piece of the request, however, 'the Court will not issue subpoenas that require the creation of documents that do not already exist.' *Webster v. Haskins*, No. C18-1640, 2020 WL 5908999, at *2 (E.D. Cal. Oct. 6, 2020); *see also Gonzales v. Google, Inc.*, 234 F.R.D. 674, 683 (N.D. Cal. 2006) (noting that "[a]s a general rule, non-parties are not required to create documents that do not exist, simply for the purposes of discovery").").

**C. Plaintiff's Reliance on Inadvertently Produced Documents that Were Ordered to Be Disregarded, Deleted, and Destroyed**

MSD contends that the Court should disregard all arguments derived from or dependent upon plaintiff's improper references to materials she was ordered to disregard, delete, and destroy in the 529 Case Order.  Dkt. 195. It is improper for plaintiff to cite these materials as

evidentiary support for plaintiff's claims that imply that MSD is withholding other, related materials, as when plaintiff refers to emails exchanged between Shurtleff and attorney Filipini that are shielded by the attorney-client privilege. *See, e.g.*, Dkt. 175, at 12. The Court declines plaintiff's request for *in camera* review of privileged material because plaintiff has failed to present non-privileged evidence "sufficient to support a reasonable belief that *in camera* review may yield evidence that establishes the exception's applicability." *United States v. Zolin*, 491 U.S. 554, 574–75 (1984); *see, e.g.*, *Mayorga v. Ronaldo*, 606 F. Supp. 3d 1003, 1020 (D. Nev. 2022). Here, plaintiff attempts to circumvent the attorney-client privilege by presenting privileged evidence to justify why it never should have been ordered disregarded, deleted, and destroyed in the first place. That is improper.

### D. Order to Show Cause Regarding Attorney's Fees and Costs

Having denied plaintiff's motion to compel, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). The Court will, therefore, issue an order to show cause why plaintiff should not be ordered to pay MSD's attorney's fees and costs.

## CONCLUSION

The Court **DENIES** plaintiff's motion to compel, request for a contempt finding, and request for *in camera* review of documents. **Dkt. 175**. The Court **ORDERS** plaintiff to show cause, **in a brief not to exceed three (3) pages**, why she should not be ordered to pay MSD's attorney's fees and costs for opposing the motion to compel by **November 16, 2026**. Fed. R. Civ. P. 37(a)(5)(B). The Court **DIRECTS** MSD to file a document setting forth an accounting of its reasonable attorney's fees and costs in opposing the motion to compel by **November 9, 2026**.

DATED this 2nd day of November, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge