UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSA MARIA CABRERA THOMPSON,<br>Plaintiff,<br>v.<br>SEATTLE PUBLIC SCHOOLS, et al.,<br>Defendants. | CASE NO. C25-468-TL<br>**ORDER DENYING MOTION FOR RECONSIDERATION (DKT. 242)** |

Plaintiff moves for reconsideration of the order denying her motion to compel dated November 2, 2026 (Dkt. 240). **Dkt. 242**. Plaintiff contends that depositions from individual defendants now named in the Third Amended Complaint that were taken last month, months after the briefing on the motion to compel, demonstrate that third party Mukilteo School District (MSD) must be withholding phone calls or call logs. Dkt. 242, at 2–3.

The Court **DENIES** plaintiff's motion because she has not demonstrated manifest error in the prior ruling even when the recent deposition testimony from defendants is considered. LCR 7(h). Plaintiff asserts that third party MSD must be hiding discovery material that should be produced either here or in plaintiff's separate lawsuit against MSD, *Thompson v. Mukilteo School Dist. No. 6*, No. C25-529-JNW (filed Mar. 25, 2025). During the course of discovery, the parties may discover discrepancies that may be presented at trial or in dispositive motions to

undermine or to support a party's or a witness's assertions or testimony. The Court will not, however, compel discovery of material from a third party that certifies that, to the best of its knowledge and exertions, such material does not exist or is not within its possession, custody, or control. Moreover, the Court expects the parties, including the recently added defendants, to continue to cooperate in exchanging discovery materials in their possession and control.

The Court **DENIES** plaintiff's motion for reconsideration; **DENIES** her request for a sworn accounting from third parties; **DENIES** her request for an order to show cause and spoilation relief; and **DENIES** her request to be awarded fees and to vacate the award of fees against her based on the denial of her motion to compel. **Dkt. 242**. The undersigned magistrate judge lacks the authority to certify plaintiff's request for an interlocutory appeal, which would be sought from the district judge after objecting to the underlying order. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 1292(b). The Court notes, however, that routine discovery orders are non-appealable as a matter of law under the final judgment rule. 28 U.S.C. § 1291; *see Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 108 (2009) (holding that pretrial discovery orders are generally non-appealable until the entry of final judgment); *Sali v. Corona Regional Medical Ctr.*, 884 F.3d 1218, 1221 n.3 (9th Cir. 2018) (same); *see also* 15B C. Wright, A. Miller, & E. Cooper, Fed. Prac. & Proc. Juris. § 3914.23 (3d ed. Apr. 2026 update) ("The Supreme Court has firmly entrenched the basic rule that most discovery rulings are not final.").

DATED this 9th day of November, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge